F. M. HAMMOND & WIFE v. CLOTILDA E. MAYS.

1. PRACTICE.—Where there is no issue joined and the facts are admitted by the defendants, it is not error in the District Court to render judgment without a jury.
2. FINAL JUDGMENT—TRUSTEE.—An order, made in an application to direct a trustee in the administration of a trust fund, may be appealed from. In such case the trustee is a necessary party to the appeal or writ of error.
3. WRIT OF ERROR.—The petition for writ of error and error bond manifestly describing an order not appealed from, and not making the trustee a party when necessary: *Held*, Insufficient to warrant the issuance of the writ of error.

ERROR from Dallas. Tried below before the Hon. H. Barksdale.

Clotilda E. Mays filed a petition in the District Court of Dallas county against Mary E. Hammond (formerly Mays) and her husband, F. M. Hammond, Samuel R., William, and Enoch Mays, adults, and D. B., Ida L., and Lula J. Mays, minors, alleging that plaintiff was widow and the defendants children of E. G. Mays, deceased; that deceased died intestate, and had at his death in his possession certain trust funds, as trustee, for the benefit of plaintiff and her children. The court was asked to divest the trust fund out of the heirs of the deceased, and that a trustee be appointed to administer the trust estate under the deed creating and declaring the uses of the trust.

The facts alleged were admitted by the defendants. June 22, 1875, the court appointed J. H. Gaston trustee, as asked. He executed bond on 24th June, and his bond was approved.

October 13, 1875, the trustee asked that the court declare by decree what estate and what interests he should administer. Whereupon the court, by more explicit order, directed the trustee to take charge of and administer the trust estate declared by the trust deed, (describing the deed,) and for the benefit of Clotilda Mays and her children as beneficiaries.

October 11, 1875, Mrs. Clotilda Mays filed her petition, asking that the trustee be directed to pay over to her funds necessary for the support of herself and the minors residing with her, and for education of the minor Lula. At the same time Mrs. Mary Hammond and her husband filed a complaint that funds were used for the widow and minor children while complainant received no benefit from the fund of which Mrs. Hammond was one of the beneficiaries.

Upon these petitions the court, November 3, 1875, "ordered that the trustee do pay to Mrs. Clotilda E. Mays a reasonable and sufficient amount of money out of the trust estate in his hands for her support and the maintenance and education of such children of said Clotilda E. Mays as reside with her and form part of her family," * * * refusing the application of Mrs. Hammond and husband, on the ground that she formed no part of the family of her mother, Mrs. Mays.

Mrs. Mary Hammond and husband filed a petition for writ of error and filed an error bond, describing the judgment sought to be revised as rendered on the first Monday in October, 1875, and on November 3 of said term, in favor of the said Clotilda E. Mays and against the defendants, (naming them,) "for the maintenance of plaintiff and such of her children as remained with her and constituted part of her family out of a certain trust estate created," &c., (describing the deed.)

The transcript contained a copy of a trust deed, and other papers not referred to in any way as used in forming part of the proceedings. The trustee was not made party to the writ.

*John M. Stemmons*, for plaintiffs in error.

*John J. Goode*, for defendant in error.

MOORE, ASSOCIATE JUSTICE.—The petition for the writ of error and the writ of error bond not only fails to properly describe, but unquestionably misdescribes the judgment which

plaintiffs in error seek to have reviewed by this court. The motion of defendant to dismiss must therefore be sustained.

To avoid misconception of our views in the matter in any proceeding which may hereafter be instituted by any of the parties interested in the trust estate to which the proceeding disclosed in the record refers, we deem it proper to say that we do not concur in views expressed by counsel for the defendant in error, as to the character of the judgment rendered by the court on the petition of Mrs. Mays against the heirs of her deceased husband, praying for the appointment of a trustee, and vesting in him the title of the property of which her said husband, Enoch G. Mays, was seized and possessed at the time of his death. It is not alleged, and it does not otherwise appear, that letters of administration had been granted to any one upon his estate, or that there were either devisees, legatees, or creditors having any right to or interest in it. The defendants, who were alleged to be his sole heirs, were the only persons interested in its proper disposition, and they admitted in their answers the facts alleged in the plaintiff's petition. There was consequently no issue between the parties upon which a jury should have been called to pass, and no facts to be ascertained by a verdict to enable the court to pronounce its judgment. Nor does the judgment rendered by the court purport to be of an interlocutory character: although it is not, even after it was amended, as full and comprehensive as the prayer of the plaintiffs' petition, or as it might and probably should have been, still it was evidently intended by the court, and was understood by the parties, to fully decide and dispose of all the matters brought before the court by the petition. The plaintiff did not seek to settle or definitely define the respective interest of the beneficiaries in the trust property, or to have the court prescribe the precise manner in which the property was to be administered by the trustee for the use and benefit of the beneficiaries. Perhaps it might have been better if this had been done. And as the decree, as amended, seems still to

be defective in failing to make a direct and specific declaration, as asked by the parties and warranted by the pleading, that all the property of which said Enoch G. May was possessed at his death belongs to the trust estate, and divesting the title thereto out of his heirs, and vesting the same in the trustee, it may perhaps prevent future difficulty and embarrassment if both of these defects should be cured by a supplemental petition bringing all the parties interested before the court, if the matter is to be further litigated. We make this intimation, however, as a mere passing suggestion having no particular bearing upon the matter now before the court.

The judgment sought to be reviewed by the writ of error is evidently not the judgment appointing the trustee "of the estate belonging to said Clotilda E. Mays and the children, the offspring of herself and her late husband, Enoch G. Mays, now deceased," &c., and directing him to take charge of, hold, manage, and control the same "for the use and benefit of said beneficiaries." But it is evidently the judgment or order made upon the application to compel the trustee in thus managing and controlling the trust property to appropriate a portion of it to the use and benefit of one of the beneficiaries, and the refusal to make a like order in favor of another, claiming an equal right thereto, which the plaintiffs in error desire this court to review. There can be no doubt, as we think, when a trustee appointed by the court is administering the estate under its authority and supervision, that the judgment or order of the court on a petition or application of this kind will warrant an appeal or writ of error to this court. But such applications, although they need not contain all the averments which would be requisite in an original bill or petition, should show, either by direct allegations or by reference to matters of record in the court in the course of its proceedings touching the trust estate, sufficient facts to predicate the order appropriating the trust fund, as asked. And to enable this court to review the action of the District Court,

these facts must, in some recognized and appropriate manner, be brought into and made a part of the transcript of the proceedings had in the District Court on such application, so that it can look to and consider them as properly a part of the record before it.   Evidently this is not done by merely copying in the transcript papers relating to the trust estate on file in the court below, and which, from their contents, we might suppose the court would have considered in passing upon the application, if presented and relied upon by the parties.   In these respects the transcript, as brought to this court, is palpably defective.   And if the motion to dismiss was overruled, the transcript shows nothing on which we could review the judgment complained of.

It hardly need be said, that the trustee is not only a proper, but also a necessary party to such a petition as that filed by the plaintiffs in error in the District Court as well as that filed by the defendants, and that this court cannot review the judgment of the District Court unless he is also a party to the writ of error, and either voluntarily appears in answer to the writ or is served with process.   In this case, although the trustee is the only defendant to the applications on which the judgment was rendered to which exception is taken, he is not named in the petition for the writ of error, and no citation in error has been issued to or served upon him.

Because neither the petition nor writ of error bond contains a proper description of the judgment, and because the trustee is not made a party to the writ, the motion to dismiss is sustained.

DISMISSED.