**SCALING OIL CORPORATION v. HEAD et al. (No. 2547.)**

(Court of Civil Appeals of Texas. Texarkana. April 25, 1922. Rehearing Denied May 11, 1922.)

**1. Continuance ☞17—Properly denied when asked for time to prepare defense with nothing to show absence of opportunity for preparation.**

An application for a continuance was properly refused, where it was sought for the sole purpose of enabling defendant to prepare its defense without indicating facts or conditions showing the absence of opportunity for such preparation, and it appeared that defendant knew more than two months before the trial the issues it would be called upon to meet, especially where the principal ground for the delay sought was to enable the defendant to prepare for its cross-action against a codefendant.

**2. Continuance ☞6—Defendants litigating order of liability as between themselves cannot delay plaintiff's suit.**

While, in an action against the maker and the indorser of a note, defendants may litigate the order of their liability as between themselves, under Rev. St. art. 6331, they cannot for that purpose delay plaintiff's suit.

**3. Appeal and error ☞1165—Error in dismissing cross-action between defendants does not require reversal of plaintiff's judgment.**

The dismissal of defendant's cross-action against a codefendant, if erroneous, did not require a reversal of the judgment rendered for plaintiff on the note sued on, as such defendant had no right to delay the main suit by its contest with its codefendant.

**4. Appeal and error ☞384(2)—Order dismissing cross-action between defendants not reviewable when bond only describes judgment for plaintiff.**

Where the bond described only the judgment rendered in favor of plaintiff and did not mention the order dismissing a defendant's cross-action against a codefendant, such order could not be reviewed, as it was an entirely collateral matter not involved in the final judgment in the main suit.

On Motion for Rehearing.

**5. Pleading ☞228—Striking cross-action on exception thereto held not to affect so much of answer as went to plaintiff's suit.**

Where paragraph 2 of an answer contained a general denial, paragraph 3 a special denial, setting up failure of consideration for the note sued on and that plaintiff was not an innocent purchaser, and paragraph 4 consisted of a cross-action against a codefendant who excepted to such paragraph of the answer and cross-action, in so far as it pleaded a failure of consideration because stating no cause of action against him, and the court's order dismissed the cross-action, the defenses set up to plaintiff's suit were not thereby affected, especially where evidence was heard on the issue raised by the third paragraph.

Error from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by J. F. Head against the Scaling Oil Corporation and another. Judgment for plaintiff, and the defendant named brings error. Affirmed.

Cooke, Dedmon & Potter, of Fort Worth, for plaintiff in error.

Grindstaff & Zellers, of Weatherford, and I. W. Stephens, of Fort Worth, for defendants in error.

HODGES, J. J. F. Head, one of the defendants in error, filed this suit against the Scaling Oil Corporation as the maker, and J. P. McFarland as the indorser, of a negotiable promissory note for the sum of $3,-365. The petition alleged that the note was payable to J. P. McFarland and had by him been indorsed and transferred before maturity to the plaintiff in the suit. The original petition was filed on November 16, 1920, and citation was issued and served upon the plaintiff in error, Scaling Oil Corporation, the following day. The latter answered within the time allowed by law. The case was placed on the jury docket and set for trial some time in the following January. The record shows that on January 24, 1921, J. P. McFarland filed an answer replying to a cross-action on the part of the plaintiff in error. He interposed a general demurrer, special exceptions, and a general denial. The record further shows that on January 26, the plaintiff in error, Scaling Oil Corporation, filed what is styled its "second amended original answer," in which it alleged, in substance, that the consideration for the note had failed, that the plaintiff in the suit acquired the note with knowledge of that defect, and that he was suing mainly for the benefit of McFarland. In addition to this, the appellant alleged, in a general way, that the note sued on was given as a part of the purchase price of some mineral options in several different tracts of land; that the abstract of title furnished by McFarland showed a defective title; that he had failed to correct those defects, and as to a part of the land he had no title and no authority to convey the mineral options assigned to the oil company. It asked, in the event judgment should be rendered in favor of the plaintiff in the suit, that defendant oil company have judgment over against its codefendant, McFarland, for a similar amount. It also prayed for the cancellation of the note on account of the failure of consideration. On the same day that this amended answer was filed, the court entered the following order, omitting the preamble:

"It is therefore ordered, adjudged and decreed that the cross-action of the defendant Scaling Oil Corporation against the defendant James P. McFarland be and the same is hereby dismissed, to which action and ruling of the court the said defendant Scaling Oil Corporation then and there in open court duly excepted. Then came on to be heard in the said cause the first application of the defendant Scaling Oil Corporation for a continuance in said cause; and the court, having heard and considered same, is of the opinion that said motion should be in all things overruled, and it is so' ordered," etc.

In a trial before the court a judgment was rendered in favor of the plaintiff against both defendants for the full amount sued for.

[1, 2] The record contains no statement of facts, and only two assignments of error are presented by the Scaling Oil Corporation, the only party appealing. One of them complains of the order of the court overruling the application for a continuance. This application is not a statutory motion, and shows that the continuance was sought for the sole purpose of enabling the plaintiff in error to prepare its defense to the action, without indicating facts or conditions which show the absence of opportunity for such preparation. The record shows that the plaintiff in error was fully apprised, more than two months in advance of the trial, of the issues it would be called upon to meet, and there is nothing to indicate that this time was not amply sufficient to enable it to prepare its defenses. It further appears that the principal ground for the delay sought was to enable the plaintiff in error to prepare for its cross-action against McFarland. While the statute permits codefendants in suits of this character to litigate the order of their liability as between themselves, they cannot for that purpose delay the plaintiff's suit. Revised Civil Statutes, art. 6331. There was no error, therefore, in refusing the application for a continuance.

[3, 4] The other assignment complains of the order of the court sustaining McFarland's general demurrer to the plaintiff in error's cross-action. The order previously quoted, which is embraced in the transcript. shows upon its face that the court only struck out the cross-action wherein the plaintiff in error sought a recovery against McFarland in the event a judgment was rendered in favor of the plaintiff. Conceding that this was error, still it would not require a reversal of the judgment rendered in favor of the plaintiff on the note, which is apparently the only judgment appealed from. Clearly, the plaintiff in error has no right to delay the main suit by a reversal of that judgment in order that it may continue with its codefendant a contest in which the plaintiff had no concern. The judgment rendered in favor of the plaintiff below is the only judgment described or in any manner referred to in the supersedeas bond executed as the basis of this appeal. The bond must describe the judgment appealed from. Hammond v. Mays, 45 Tex. 486; First National Bank v. J. I. Campbell Co. (Tex. Civ. App.) 133 S. W. 311.

Involved in this suit are practically two controversies; one between the plaintiff in error and the plaintiff below, and the other between the plaintiff in error and its codefendant McFarland. With the latter the plaintiff had no legal connection. While there may be only one final judgment rendered in any given case, there may be two distinct orders disposing of two distinct branches of the same case. If the plaintiff in error desired to appeal from the order dismissing its cross-action against McFarland, it should have described that order in its supersedeas bond and in that way presented it in this court for review. That order may be erroneous without in any manner affecting the judgment in favor of the plaintiff below. It is true that ruling on demurrers and other interlocutory orders may be reviewed in appeals from the final judgment which resulted from those orders. But the situation is different when a final disposition is made of an entirely collateral matter, which is not involved in the final judgment rendered in the main suit.

The judgment will be affirmed.

### On Motion for a Rehearing.

[5] In the motion for a rehearing the plaintiff in error says:

"The court has undoubtedly been mistaken, or has misconceived the proceedings in the court below. Plaintiff in error is not appealing from the order dismissing the cross-action; it is nowhere mentioned in the assignments of error presented, either in the motion for a new trial or in the assignments accompanying the petition for writ of error. The order presented for revision is the sustaining of a general demurrer to the answer and cross-action of the plaintiff in error. This was a preliminary and interlocutory order entered in connection with and as a part of the final judgment of the lower court. * * * The plaintiff in error is not asking, and nowhere in its brief, its assignments of error, or anywhere else has suggested, a revision of the action of the court in dismissing the cross-action."

If this appeal should be construed as one from an order sustaining the general demurrer to the answer of the plaintiff in error to the suit by Head on the note, then the complaint is of a ruling which was never made. The amended answer of the plaintiff in error was divided into paragraphs. No. 2 was a general denial; No. 3 contained a special denial setting up a failure of consideration for the note upon the ground that McFarland had no title to. convey, that the plaintiff was not an innocent purchaser of the note for value, that he took it with full knowledge of

the defense made, that the plaintiff was suing for the use and benefit of the codefendant, McFarland, and for the purpose of defeating the defenses pleaded. In paragraph 4 the plaintiff in error begins its cross-action by "complaining over 'against defendant James P. McFarland, this defendant alleges that heretofore, to wit," etc. It then proceeds to set out in detail the transaction between the plaintiff in error and its codefendant, McFarland. McFarland answered by specially excepting to the fourth subdivision of the answer and cross-action in so far as it pleads a failure of consideration in the note sued on, because it stated no cause of action against the defendant (McFarland). Then follows a general denial. It 'thus appears that the exceptions were directed only to that portion of the answer, or answer and cross-action as it is called, embraced in paragraph 4 and what succeeded. This 'left as an available defense all of paragraph 3, in which the plaintiff in error set up the failure of consideration and the lack of good faith on the part of the plaintiff, Head, in acquiring the note. The court's order sustaining the exceptions was no broader. It also appears from the recitals in the judgment rendered that the court heard evidence upon the issue raised by the third paragraph of the answer, because he finds that Head acquired the note in good faith before its maturity.

The record does not warrant the conclusion upon which this ground of the appeal is based.

The motion for rehearing is overruled.