**COOPER et al. v. LYNCH et al.   (No. 2558.)**

(Court of Civil Appeals of Texas. Texarkana.
April 27, 1922.)

1. **Pleading ⚙️138—Cross-action against codefendant for cancellation of notes held not connected with plaintiff's case and subject to exceptions.**

In a suit to foreclose a vendor's lien in which one defendant sought a recovery against other defendants on subsequent vendor's lien notes, but an exception was sustained to this part of the answer, a cross-action by other defendants to cancel such notes had no connection with plaintiff's cause of action, and exceptions were properly sustained thereto.

2. **Appeal and error ⚙️384(2)—Judgment not described or referred to in appeal bond not reviewed.**

Where the only judgment described or referred to in the appeal bond was the decree foreclosing plaintiff's lien, a judgment sustaining exceptions to defendants' cross-action against their codefendants cannot be reviewed.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Action by J. F. Lynch against W. H. Cooper and others. From a judgment for plaintiff, the defendants Cooper and wife appeal. Affirmed.

W. S. Moore and Stuart, Bell & Moore, all of Gainesville, for appellants.
James R. Bell, of Gainesville, and A. P. Caywood, of Whitesboro, for appellees.

HODGES, J. In February, 1921, J. F. Lynch, one of the appellees, filed this suit against C. C. Owens, W. R. Gaddie and wife, and W. H. Cooper and wife. The purpose of the suit was to recover the amount due on five promissory notes aggregating about $1,-200, besides interest and attorney's fees, and to foreclose a vendor's lien on a tract of land described in the petition. It was alleged that the notes were executed by C. C. Owens as the purchase price of the land, and that a vendor's lien was retained for the payment of the notes; that later the property was conveyed by Owens to Gaddie and wife, who as a part of the consideration assumed the payment of those notes; that thereafter Gaddie and wife conveyed the land to W. H. Cooper and wife, who also assumed the payment of those notes as a part of the purchase price to be paid by them. Owens was cited by publication and was represented on the trial by an attorney ad litem, who made merely a formal defense. Gaddie and wife, after a general answer, alleged the execution and delivery to them of certain other notes by Cooper and wife as a part of the consideration of the last conveyance, and sought a judgment on those notes and a foreclosure of their lien after that asserted by the plaintiff. Cooper and wife answered generally and specially, and admitted the conveyance of the property to them upon the terms alleged by the plaintiff and also the execution of the notes set up by Gaddie and wife in their answer. But they disclaimed any interest in the land, and alleged that the transfer was made to them, not as a bona fide conveyance of the property, but in trust for the benefit of Gaddie and wife and to enable Cooper, who was a real estate agent, to better dispose of the property for the benefit of Gaddie. They asked in their prayer for relief, that the notes described in Gaddie's pleading be canceled, and the conveyance to them be set aside.

Plaintiff Lynch excepted to that portion of the answer of Gaddie which undertook to recover on his notes against Cooper and wife, and that exception was sustained by the court. He also excepted to that portion of Cooper and wife's answer which sought a, cancellation of the notes and the deed involved in the controversy with Gaddie, and that exception was sustained.

---

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Before the trial Lynch abandoned any prayer for a personal judgment against any of the defendants, and asked only for the foreclosure of his lien upon the land. The court thereupon entered a judgment foreclosing the vendor's lien asserted by Lynch, but did not render personal judgment against any of the defendants.

[1] Cooper and wife alone have appealed. In their assignments of error they have attacked only the judgment sustaining the exceptions to their cross-action against Gaddie and wife. That portion of their answer injected into the main suit a controversy which had no place there. The issues there presented had no connection with the plaintiff's cause of action, nor were those issues in any way involved in a defense against the provisions of the judgment rendered. The notes which Cooper had given to Gaddie, and the character of the conveyance, were not in any way involved in this suit, and for that reason the court properly eliminated that controversy.

[2] Moreover, Cooper and wife have not incorporated in their appeal bond any reference to or description of the judgments of which they complain. The only judgment described or referred to in their appeal bond is the decree foreclosing the plaintiff's lien against the property. In the recent case of Scaling Oil Co. v. Head et al., 241 S. W. 767, decided by this court (but not yet [officially] published), it was held that it was essential in order to have a judgment reviewed that it be described in some legal manner in the appeal bond.

The judgment will be affirmed.