## TRAMMELL v. WORRELL. (No. 8468.)

(Court of Civil Appeals of Texas. Galveston. March 20, 1924. Rehearing Denied April 10, 1924.)

Set-off and counterclaim ⬥33(1)—Unliquidated demand pleaded as offset, not connected with note sued on, properly disallowed.

In suit upon note, unliquidated demand pleaded as offset, not connected with or growing out of transaction in which note was ex- ecuted, held properly disallowed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1329.

Appeal from District Court, Brazoria County; W. S. Sproles, Judge.

Suit by T. A. Worrell against H. L. Trammell and others. Judgment for plaintiff against named defendant, and the latter appeals. Affirmed.

Floyd Enlow and A. R. Rucks, of Angleton, for appellant.

Wilson & Follett, of Angleton, for appellee.

LANE, J. T. A. Worrell brought this suit against appellant, H. L. Trammell, F. A. Sander, T. W. Evert, Magnolia Provision Company, and R. C. Fulbright, upon a vendor's lien note executed and delivered by H. L. Trammell to F. A. Sander for the sum of $1,111.13; said note being dated February 1, 1918, and payable to Sander three years after date, and which was thereafter transferred by the indorsement of Sander to appellee Worrell.

As there is nothing in this appeal presenting any controversy as to any of the defendants other than Trammell, no further notice of such other defendants will be taken in this opinion.

The plaintiff alleged the execution and delivery of the note sued on by Trammell to Sander; that said note was executed and delivered in part payment for one acre of land and improvements thereon, consisting, among other things, of a cotton gin and equipment, situated in Brazoria county, Tex., and that to secure the payment of said note a vendor's lien was retained on said property; that the note sued on was note No. 4 of a series of notes executed and delivered by Trammell in part payment for said property; that said Sander had for a valuable consideration and before its maturity transferred and delivered said note to plaintiff.

Plaintiff prayed for judgment for the sum due on said note, together with interest and attorney's fees provided for therein, and for a foreclosure of the vendor's lien.

The defendant, Trammell, answered by general denial, and by a special plea alleged, in substance, that the plaintiff at no time was either the legal or equitable owner of the note sued on, but that the title to the note was in F. A. Sander, the original payee, and that Sander had delivered the same to Worrell under the following circumstances: That on or about the 13th day of December, 1918, a year after the execution and delivery of the note sued on, Trammell entered into a written contract with F. A. Sander, by the terms of which Trammell agreed to sell to Sander, and Sander agreed to purchase from him, a certain 116 acres of land, for which Sander agreed to pay him $57.50 per acre, or a total consideration of $6,681.50, in the

following manner: First, $3,250 cash on the 1st day of February, 1919; second, to deliver to Trammell one of the two notes for $1,111.13, which had been theretofore executed and delivered by Trammell to Sander in part payment for the gin property described in the plaintiff's petition; and, third, to execute and deliver to Trammell his two promissory notes for the sum of $1,160.08 each; that said agreement on the part of Sander to return to Trammell one of said $1,111.13 notes was the material, leading, and principal matter inducing Trammell to agree to sell said 116 acres of land to Sander; that Sander breached his said contract whereby he had agreed to purchase said 116 acres of land, and refused to make such purchase, although Trammell had in all respects complied with his part of said contract and agreement; that by reason of such breach Trammell suffered damage in the sum of $1,880.40 in the following way: That, in view of said written contract, he purchased said 116 acres of land for $4,810.10, which was at said time of purchase the fair and reasonable market value of the same, and, as Sander had agreed by said contract to pay him $6,681.50, but refused to consummate said agreement and pay said sum, Trammell lost his profit of $1,880.40, the difference between the purchase price and the sum which Sander had agreed to pay for the said land; that at the time said contract was entered into Sander was fully advised that Trammell was purchasing said land for $4,801.10, and that by the sale to Sander he would make a profit of $1,880.40, and that Sander also knew Trammell was purchasing said land for the specific and only purpose of reselling the same to Sander in accordance with the terms of said written contract.

He alleged further that Sander, well knowing that Trammell had suffered the loss of his said profits by the breach of said contract by Sander, set about to place his property beyond the reach of Trammell in order that Trammell might not be able to recover from him the damage suffered by Trammell by reason of the breach of said contract by Sander, and that, for the purpose of defeating him from collecting his said damages, Sander and the plaintiff, Worrell, entered into a conspiracy, whereby it was agreed between them that Sander would make a simulated and pretended sale and transfer of the indebtedness owing by Trammell to Sander for said gin plant, evidenced by said two notes for the sum of $1,111.13 each, one of which was payable February 1, 1920, and the other February 1, 1921; that said transfers were simulated only, and did not in fact pass title to said notes to Worrell, but that said notes are owned by Sander; that, if Worrell should be permitted to recover upon the note sued upon, Trammell would thereby be defeated in the collection of his said

profits of $1,880.40 against Sander, as Sander is now, and was, at the time of the institution of this suit, insolvent.

The prayer was that plaintiff take nothing by his suit against defendant, and that defendant go hence without day.

The plaintiff, Worrell, by supplemental petition demurred generally to the answer of the defendant, Trammell, and lodged three special exceptions thereto, as follows:

"First, that it is immaterial whether plaintiff or Sander is the owner of said note, since no defense or other equitable matter as against Sander is alleged which could be pleaded as a defense or set-off against Sander as to said note, if Sander in fact owned said note and had brought suit thereon; second, that, since plaintiff's suit is for a certain demand, and defendant Trammell's claim for damages is based upon a breach of contract, and not being incident to, or connected with, and not having arisen out of plaintiff's cause of action, same could not constitute a defense or set-off against Sander, if he in fact owned said note sued on; and, third, that, even if Sander owned said note and said answer was by way of set-off, said answer does not state distinctly the nature and several items of said set-off, but merely gives the conclusion of the pleader as to the damages alleged to be due Trammell by Sander."

Upon trial before the court without a jury all of the plaintiff's three special exceptions to the answer of defendant, Trammell, were sustained, and, upon Trammell's refusal to amend, judgment was rendered in behalf of the plaintiff, Worrell, against Trammell for the amount owing on the note sued on. From such judgment Trammell has appealed.

The gist of appellant's complaint on this appeal is that the trial court erred in sustaining the plaintiff's special exception to that part of his answer wherein he set up as an offset against the plaintiff's suit on the note for $1,111.13, executed and delivered by him to F. A. Sander on the 1st day of February, 1918, in part payment for the gin plant hereinbefore mentioned, his unliquidated claim for damages hereinafter stated.

We do not think the court erred in sustaining said exception. It was shown by appellant's answer, as hereinbefore set out, that on the 1st day of February, 1918, appellant purchased from Sander a gin plant situated on 1 acre of land in Brazoria county, Tex., and that in payment, or part payment, therefor appellant executed and delivered to Sander four notes, two of which were for $1,111.13 each, and that the note sued on was the fourth of said series of notes; that thereafter Sander desired to become the owner of a certain 116 acres of land situated in Brazoria county, and so desiring he entered into a written contract with appellant on the 13th day of December, 1918, whereby it was agreed that, if appellant would purchase said 116 acres of land from the then owner, Sander would purchase the same from appel-

lant for a consideration of $6,681.50, to be paid for in the following manner: Cash on the 1st day of February, 1919, $3,250; the return to appellant of one of the $1,111.13 notes, which appellant had executed and delivered to Sander on the 1st day of February, 1918, in part payment for the gin plant; and the execution and delivery by Sander to appellant of his two notes for $1,160.08 each; that, in pursuance of said written contract with reference to the 116 acres of land, appellant purchased the same for $880.40; that after said purchase Sander refused to carry out his agreement to purchase said 116 acres of land from appellant, and that by reason of such refusal appellant lost his prospective profit of $16,880.40, same being the difference between the price paid for said land by appellant and the sum which Sander had agreed to pay for same. It is thus made to appear by said answer that the sale of the gin plant by Sander to appellant in February, 1918, had no connection whatever with the written contract relative to the 116 acres of land, and that the execution and delivery of the note by appellant to Sander here sued on was not in any manner connected with or grew out of the said written contract. The suit of the plaintiff, Worrell, was upon a liquidated demand, and the offset pleaded by appellant was an unliquidated demand, and one in no way connected with or growing out of the transaction in which the note sued on was executed. Therefore the set-off or counterclaim set up by appellant could not be allowed. Article 1329, Vernon's Sayles' Civil Statutes of 1914, and authorities collated thereunder.

The court having sustained the special exception mentioned, and it appearing that the plaintiff's suit was based upon a note alleged to have been executed by appellant, which said allegation was undenied, the court properly rendered judgment for the plaintiff.

For the reasons expressed, the judgment is in all things affirmed.

Affirmed.

GRAVES, J., not sitting.