BEEK et al. v. TURNER et al.    (No. 8866.)*

(Court of Civil Appeals of Texas.  Galveston.
June 9, 1926.  Rehearing Denied Oct. 21,
1926.)

I. **Appeal and error** ⊜⟶1010(1).

Reviewing court cannot set aside findings of fact of trial court supported by evidence.

2. **Set-off and counterclaim** ⊜⟶41.

In suit to decide priority of liens for materials sold joint-stock association, cross-action of lien claimant after dismissal of lien claims by both claimants for goods sold members of association on independent transactions *held* not maintainable.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by the Layne & Bowler Company against Tom L. Turner, James H. Beek, R. D. Rouse, and others, wherein the Continental Supply Company filed a cross-action. From the judgment last-named defendant and others appeal. Reversed and remanded, with instructions.

Garrison & Watson and John T. Garrison, all of Houston, for appellants.

Edward H. Bailey, of Houston, for appellees.

GRAVES, J.  Layne & Bowler Company, a corporation, originally sued Tom L. Turner, James H. Beek, R. W. King, and some others, as members and stockholders of an unincorporated joint-stock association operating under declarations of trust recorded in the deed records of Harris county, Tex., and known as the Vigilant Oil Company, to recover an alleged balance due of $700.79 for machinery and materials furnished to them for the purpose—which they were alleged to have in fact carried out—of using them in drilling an oil well on a specially described 15 acres of land near the San Jacinto river, upon which and the equipments placed thereon its materialman's lien for the amount was declared to have been duly fixed, and for the foreclosure of which it prayed. J. E. Walton, as receiver of the Vigilant Oil Company, and the Continental Supply Company, a

corporation, were made parties, the former under a charge that he had been appointed and was then acting as such receiver by order of the Fifty-Fifth district court, and the latter under averment that it claimed some right to, title in, or lien upon the 15 acres referred to, which right or lien, however, was subordinate to that so claimed by plaintiff.

Under further averments that other members of the association were unknown to plaintiff, it prayed for personal judgment for its debt, with accompanying foreclosure of its lien against all those sued, inclusive of Walton, receiver, except the Continental Supply Company, seeking as to the latter and its claim, whatever it might turn out to be, only an adjudication that its alleged materialman's lien on the land and its equipments was first and superior.

The Continental Company, thus vouched into it, answered the plaintiff's original suit by a general demurrer and denials that the claimed lien of plaintiff was superior to its lien, and then becoming an actor on its own account by way of cross-action, sued Layne & Bowler Company and all those it had made defendants, as well as many other and additional individuals as members and stockholders of the Vigilant Oil Association, alleging, however, that there were still other unknown stockholders, and further declaring in substance:

That beginning on January 14 and ending June 24 of 1921, it sold and delivered to them, and the defendants in its cross-action, except Walton, receiver, and Layne & Bowler Company, promised and became liable to pay it, for certain machinery and supplies used in drilling an oil well on the same 15 acres plaintiff had described, in a stated amount as balance due; that it had duly fixed its materialman's lien on both the land and the machinery placed thereon, for the foreclosure of which it asked; and that the claimed lien of the Layne & Bowler Company on the same property was inferior and subordinate to its lien. Its prayer was that Layne & Bowler Company take nothing against it, that it have orders making those it so sued parties and judgment for its debt against all of them, except Layne & Bowler Company and Walton, receiver, and that it have foreclosure of its asserted lien against all those it sued, with specific determination that its lien was prior and superior to any claim of Layne & Bowler Company against the same property.

Some of the defendants under the original Layne-Bowler suit, together with some of those thus brought in under the Continental Company's cross-action, after general demurrer and denial, presented special exceptions to the later company's action as to them, the purport of which were that it constituted a misjoinder and could not in the circumstances be maintained against them for these reasons: It set up a new and independent cause of action against them, in no way connected with that declared upon in plaintiff Layne & Bowler's original suit; that the Continental Company had been made a party to that proceeding solely to get adjudicated between the two companies the question as to which one held the superior lien against the property involved, no personal judgment against it for the debt they declared upon against others being sought by Layne & Bowler, and it could not therefore in this suit recover a personal judgment against these defendants upon matters arising out of transactions and contracts wholly disassociated with and independent of any brought into issue by Layne & Bowler, but should be remitted to a separate action; further, that the Continental Company had intervened in the then pending receivership proceeding against the Vigilant Oil Company, seeking therein to establish its statutory claim against the property of the association, and in consequence could not maintain a suit against the individual members or stockholders until it had first established its demand against and exhausted the assets of the association.

Subsequently Layne & Bowler Company amended its pleading in the suit it first so filed, making practically the same allegations as before, but wholly abandoning its cause of action for establishment of its lien, as well as its claim that the same was superior to any the Continental Supply Company might assert, and seeking no judgment of any sort against the latter company and only a personal one for its debt against the other defendants it had first made parties.

Thereafter the Supply Company also amended its answer and cross-action, likewise making in other respects substantially the same averments as formerly and entirely abandoning against all parties its former assertion of a statutory lien, and seeking only a personal judgment for its debt of $2,250 against those individuals it originally counted against as members and stockholders of the Oil Association.

In this state of the pleadings of both parties, before announcing ready for trial, the plaintiff Layne & Bowler Company dismissed as to Walton, receiver, the Continental Supply Company, and another, while the latter company in turn dismissed as to Walton, receiver, the plaintiff Layne & Bowler Company and certain individuals named in its cross-action.

Further pleadings do not relate to issues raised on the appeal, and need not be stated.

Trial was had before the court without a jury, judgment being rendered against those named jointly and severally as shareholders in the Vigilant Oil Company as follows: In favor of plaintiff Layne & Bowler Company for its debt against the defendants Tom L. Turner, James H. Beek, R. W. King, A. C. Burton, R. B. Lechenger, R. D. Rouse, Sam Rouse, and F. H. Potthoff; in favor of the

Continental Supply Company for the amounts it sued for in its cross-action against all those just enumerated, except R. W. King, and the following: Wm. S. Jacobs, Thos. Cleveland, Jack H. Collins, Frank Dawson, H. A. Eisenmayer, H. H. Franks, M. L. Goldman, Isadore Leon, R. H. Moffett, Carl H. Otto, and Jacob H. Bammell, composing the firm of Otto & Bammell, Bernard B. Schram, Julius Weinberger, Miss A. Westheimer, and Miss M. T. Westheimer.

From the judgment so entered, these defendants therein have appealed—R. D. and Sam Rouse, F. H. Potthoff, Wm. S. Jacobs, Thos. Cleveland, J. M. Collins, Frank Dawson, H. A. Eisenmayer, M. L. Goldman, Isadore Leon, R. H. Moffett, Carl H. Otto, Jacob H. Bammell, Bernard B. Schram, Miss A. Westheimer, and Miss M. T. Westheimer.

Appellants make no complaint of the judgment in favor of the plaintiff below, Layne & Bowler Company, and it is not therefore here involved; they do, however, attack that rendered in favor of the Continental Supply Company against them on two grounds: (1) that company's alleged cause of action by way of attempted counterclaim against them was not maintainable, because it did not pertain to the cause of action asserted against them by Layne & Bowler, but was based upon an entirely separate and disconnected transaction, as their special exceptions pointed out, and which the trial court overruled; (2) the Supply Company, in selling and delivering the goods, knowing both directly and constructively that the Oil Company was a joint-stock association whose declarations of trust recited that the stockholders were not individually liable for indebtedness incurred by it, in fact looked only to and relied solely upon the association's property and assets— not to or upon its stockholders or members.

[1] Discussing these contentions in inverse order to that of presentment, we think the second one cannot be sustained. It raises questions of fact which the trial court determined the other way, stating findings to the effect that, while the Supply Company's sales "were made upon the credit of the said Tom L. Turner and in reliance upon the assets and property of the Vigilant Oil Company and not with any expectation that same would be paid for by the stockholders individually," it neither had actual notice of any limitation of the liability of the stockholders of the concern, nor did it agree or contract that it would release them from personal responsibility.

No attack is made upon these findings, but if there were, there is sufficient testimony in the record to support them, and this court would not be authorized to set them aside. The facts that thus must be regarded as established bring this case well within the rules against the exemption of the shareholders from liability that have been so recently announced by our appellate courts. Thompson

v. Schmitt et al. (Tex. Sup.) 274 S. W. 554; Victor Ref. Co. v. City National Bank (Tex. Sup.) 274 S. W. 561; Hollister v. McCamey (Tex. Sup.) 274 S. W. 562; Howe v. Keystone Pipe & Sup. Co. (Tex. Sup.) 274 S. W. 563; Industrial Lumber Co. v. Texas Pine Land Ass'n, 31 Tex. Civ. App. 375, 72 S. W. 875; Sergant v. Goldsmith, 110 Tex. 482, 221 S. W. 259, 10 A. L. R. 742; Wells v. Mackay Tel. Co. (Tex. Civ. App.) 239 S. W. 1001.

[2] Appellants' first objection, however, is good and must be upheld. The learned trial judge's conclusion of law that the Supply Company had the right in this suit to establish its debt against the appellants as shareholders because that was necessary before the question of priority of liens between it and the original plaintiff, Layne & Bowler Company, could be determined, if a proper predicate for the holding so long as the two companies stood in there with a bone of contention between them, was clearly no longer so, we think, after they mutually abandoned any claim to a lien at all and dismissed entirely their causes of action against each other; undisputedly, this left the Supply Company in there as a mere interloper in Layne & Bowler's suit upon claims against the defendants bearing no relation to its of any sort, but based on independent transactions entirely; in other words, both concerns, upon separate occasions, for different considerations, and in no way acting together, had simply sold bills of goods to some of the same people, and because the one had sued its obligors seeking merely a personal recovery for its individual debt, the other sought to use the same machinery for a like effort upon its part. Despite the blended character of our system, that may not be done. In 31 Cyc. 224, it is said:

"A cross-action by a defendant against a codefendant, or third party, must be in reference to the claim made by the plaintiff and based upon an adjustment of a claim. Independent and unrelated causes of action cannot be litigated by cross-action."

See, also, Cooper v. Lynch (Tex. Civ. App.) 241 S. W. 769; Conley v. Piano Co. (Tex. Civ. App.) 260 S. W. 1089; Trammell v. Worrell (Tex. Civ. App.) 260 S. W. 1063; Coutlett v. Mortgage Co. (Tex. Civ. App.) 60 S. W. 817, on motion for rehearing.

As we construe them, the cases appellee Supply Company cites and depends upon do not hold differently; for instance, in both Skipwith v. Hurt, 94 Tex. 322, and Adams v. Bank (Tex. Civ. App.) 178 S. W. 996, the cause of action asserted by the original defendants against those they brought in by cross-action grew out of the same transaction on which they themselves had been sued by the plaintiffs; that is, in the former the bank was alleged to have appropriated money out of the trust fund for which Skipwith and his bondmen were sued by the county, while in the latter the individuals Adams vouched in

were charged with having obligated themselves to him to pay the note for which the bank sued him alone. Thus in each instance the fund of the plaintiff involved was the "point in issue," and there was a common or connected interest centering in it between the original and the cross-defendants. Cox v. Oil Co. (Tex. Civ. App.) 265 S. W. 196. The distinction between that class of cases and the one at the bar is obvious.

It is deemed unnecessary to review others of these authorities, or to further extend the discussion.

It follows from these conclusions that the judgment in favor of the Supply Company should be reversed; that is accordingly done, with instructions to the trial court to sustain the exceptions of the appellants as defendants there to the cross-action of the Supply Company against them, and to make such further disposition of the cause as to them as that action properly entails.

Reversed and remanded, with instructions.