R. E. Sherrill and R. C. Montgomery, executors of the estate of W. A. Black, brought this suit in trespass to try title against G. W. Thomason et al. Defendant Thomason answered, among other things to the effect that the deceased, W. A. Black, was indebted to one J. O. Poe and wife for certain services rendered, to the aggregate value of the land; that one-half of said account or claim had been transferred to the defendant; that prior to his death Black had placed said Poe and wife in possession of the premises; and that the indebtedness due by Black to Poe and wife, one-half of which had been transferred to the defendant, was a valid, subsisting, and established claim, indebtedness, and a lien upon the land. The prayer of the answer was that "plaintiffs take nothing by virtue of their suit," including a prayer "for general and special relief, such as he is entitled to under law and equity and for costs of suit."
On April 19, 1927, the court entered an order as follows:
"This the 19th day of April, 1927, came the plaintiffs and say they will no longer prosecute their said suit. It is therefore considered and ordered by the court that this be dismissed and that all costs are adjudged against the plaintiffs, for which execution may issue."
On April 25, 1927, Thomason filed a motion, asking the court to set aside the order of dismissal noted above and to reinstate the cause on the ground that defendant had previously filed a cross-action setting up affirmative relief. Plaintiffs demurred to the motion, and on May 20, 1927, the court overruled the demurrer to the motion but held that defendant's answer did not set up a cross-action as against the plaintiff, for which reason alone the motion to set aside the order of dismissal and to reinstate the case was overruled. Defendant Thomason excepted to this order of the court, and gave notice of appeal. Thereafter an appeal bond was filed, which describes the order or judgment appealed from as follows:
"On the 20th day of May, A.D. 1927, the said R. E. Sherrill and R. C. Montgomery, executors, recovered judgment against the said G. W. Thomason that the pleadings in this case do not set up a cross-action as against the plaintiffs, and that his motion to set aside the order and judgment dismissing plaintiffs' suit in this case be in all things overruled and the plaintiffs be permitted to take a nonsuit, and plaintiffs' suit be not reinstated on the docket of the court, which judgment is here referred to and made a part hereof for full statement of same."
The first question to be determined is one of jurisdiction. It is not assigned, but arises from an inspection of the record. In quite a number of decisions of the courts of this state there are found expressions and implications that deny the right of the plaintiff to take a nonsuit in cases where the defendant has filed a cross-action or counterclaim seeking affirmative relief against the plaintiff. Revised Statute 1925, art. 2182, dealing with the subject of nonsuit, is as follows:
"At any time before the jury has retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such *Page 306 
nonsuit may be taken at any time before the decision is announced."
From the terms of the statute itself, the only limitation of the right to take a nonsuit is that in cases tried by a jury the same shall be claimed before the jury has retired, and in cases tried by the judge, such right shall be claimed before the decision is announced. The provision that the plaintiff "shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief" is not intended, we think, as a restriction upon or limitation of, the right to take a nonsuit, but is simply a prohibition against the exercise of that right having any prejudicial effect upon the defendant's claim for affirmative relief. If a case should arise where prejudice to the defendant could not be prevented except by denying the right of plaintiff to take a nonsuit, the denial of such right would be mandatory. We cannot, however, well see how such a condition could exist. It has already been decided that, in order not to prejudice the defendant's claim, the plaintiff's pleading may be looked to in aid of defects in defendant's pleadings. Jones v. Wagner (Tex.Civ.App.) 141 S.W. 280.
It has also been determined that plaintiff cannot, after nonsuit, claim the privilege to be sued in the county of his residence upon the claim asserted by the defendant. Bailey v. Federal Supply Co. (Tex.Com.App.) 287 S.W. 1090.
If both plaintiff and defendant, in their respective claims against each other, seek to litigate the same matter, the plaintiff cannot by nonsuit thereby withdraw such matter from the litigation. Short v. Hepburn, 89 Tex. 622, 35 S.W. 1056.
These decisions are but examples showing how the courts give effect to the statutory requirement that a nonsuit shall not be permitted to prejudice the claim of a defendant seeking affirmative relief. We find ourselves unable to imagine a case where in some such way as above illustrated prejudice to the defendant from a nonsuit may not be effectually prevented without any restriction on the right of the plaintiff to take a nonsuit. We construe the later decisions on this question to fully sustain this view. Then what right has a defendant in a suit wherein, by cross-action or counterclaim, he seeks affirmative relief against plaintiff, to prosecute his appeal from an order dismissing the plaintiffs suit but which order in no wise purports to affect the defendant's right to continue the prosecution of his cross-action or counterclaim? If the right of a plaintiff to take a nonsuit is an absolute one in a jury case, if claimed before the jury retires, or in a case tried by a judge before the decision is announced, and the court is prohibited from permitting such nonsuit to prejudice the claim asserted by the defendant, then, if the court in its order dismissing the plaintiffs suit does not purport to dismiss or affect the counterclaim or cross-action, there is no reason to impute to the court an intention to do so. In Bailey v. Federal Supply Co., the Commission of Appeals, in an opinion expressly approved by the Supreme Court, has had occasion to pass upon the effect of an order of dismissal, reading as follows:
"On this 17th day of December, 1924, upon request of plaintiff herein, it is ordered, adjudged, and decreed by the court that the above numbered and entitled cause be, and same is hereby, dismissed, at plaintiff's cost, for which execution may issue."
It will be observed that this order is almost exactly like the one under consideration, but the court held that such order evidenced no intention of dismissing a cross-action of the defendant against the plaintiff, and did not have such effect. If other authority than the statute itself were required, we consider this decision as settling the question.
In the absence of special statutory provision to the contrary, one of the most essential characteristics of an appealable order, judgment, or decree is finality. It is axiomatic that, if no right of the defendant is affected by an order, it is not a final judgment within the terms of his right to complain of it upon appeal. A final judgment such as gives rise to the right to invoke the jurisdiction of an appellate court is one wherein the whole subject-matter in controversy is disposed of.
Havard v. Carter-Kelley Lumber Co. (Tex.Civ.App.) 162 S.W. 922; Wright v. Chandler (Tex.Civ.App.) 173 S.W. 1173.
So we conclude that, regardless of whether appellant's pleading in the court below set up only defensive matters or sought affirmative relief, and considering the order of dismissal as the one attempted to be revised on this appeal which, as hereafter shown, we think it is not, there was no such final determination of any of his rights as gave him the right of appeal If the answer did not seek affirmative relief, then the right of plaintiff to have the entire case dismissed is so complete that there could exist no redressable wrong to appellant from an exercise thereof. On the other hand, if the answer of defendant sought affirmative relief so as not properly to be affected by plaintiff's nonsuit, then, so far as the record before us shows, his action may still be pending in the trial court.
What has been said upon this point is based upon a consideration of the order dismissing the case in response to plaintiff's nonsuit as being the judgment appealed from, but it will be observed from the foregoing statement that appellant does not complain of the order dismissing the case. The action complained of is the refusal of the court to reinstate the case and of a purported finding *Page 307 
and adjudication that defendant's pleadings do not set up a cross-action as against the plaintiff. That such is the action of the trial court appealed from is abundantly shown by the notice of appeal, the appeal bond, which the law requires shall describe the Judgment appealed from, the assignments of errors, and from all of the contentions set out in appellant's brief. If appellant had had any right to complain of the order dismissing plaintiff's suit, which is the only order in the record having any of the characteristics of a final judgment, it is made clear by the record and particularly by the description of the judgment in his appeal bond that he is not attempting to do so. First National Bank v. J. I. Campbell Co. (Tex.Civ.App.) 183 S.W. 311; Scaling Oil Co. v. Head (Tex.Civ.App.) 241 S.W. 767; Cooper v. Lynch (Tex.Civ.App.) 241 S.W. 769.
For the additional reason then, that the order and Judgment actually attempted to be appealed from as described in the notice of appeal and appeal bond is in no sense a final judgment or order of the court, we cannot escape the conclusion that we are without jurisdiction to hear the case. Being without jurisdiction, we can, of course, make no authoritative determination of the question whether appellant's answer did or did not, by way of cross-action or counterclaim, seek affirmative relief against appellees. There may be some question as to the propriety of our indicating our views on this question. Lest, however, that what we have said may be construed as a suggestion to appellant that he still may have the right to prosecute his claim against appellees, we feel it may not be amiss to say that we think appellant's answer did not allege a counterclaim or cross-action seeking affirmative relief. The appeal will be dismissed, but the costs of the appeal will be adjudged against appellant.
Dismissed.