

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
xx~~WILL~~~~WILSON~~xx
ATTORNEY GENERAL

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. 0-3710
Re: Are the charges of $1.00 for posting
notices and 7½¢ per mile for each
mile traveled in posting notices of
the Special Senatorial Election
legal charges?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I wish to submit the following question to your department for an opinion:

"The Sheriff of Young County recently posted notices in each voting precinct, advertising the coming senatorial election, and charged Young County $1.00 for each notice and 7½¢ per mile for each mile traveled in posting such notices. Is such charge a legal one? Young County, Texas, has a population of less than 20,000 inhabitants, and the officials are compensated on a fee basis."

Articles 2950 and 2995, Vernon's Annotated Civil Statutes, read as follows:

"Article 2950. The county judge shall cause notice of a general election or any special election to be published by posting notice of election at each precinct thirty days before the election; which notice shall state the time of holding the election, the office to be filled, or the question to be voted on; provided that in local option, stock law and road tax elections, or any other special election specially provided for by the laws of this State, the notices of election shall be given in compliance with the laws governing said elections respectively. If a vacancy occurs in the State Senate or House of Representatives during the session of the Legislature, or within ten days before it convenes, then twenty days

notice of a special election to fill such vacancy shall
be sufficient.  Posting notice of an election shall be
made by the sheriff or a constable, who shall make re-
turn on a copy of the writ, how and when he executed
the same."

"Article 2995.  The sheriff or any constable for
serving copies of the order designating the bounds of
election precincts, or the election judges, posting
notices, and for serving all other writs or notices
prescribed by this title, shall be paid the amounts
allowed by law for serving civil process.  For deliver-
ing election supplies to precinct judges, when they are
not obtained by such judges in person, the sheriff or
constable shall be paid such amount as the commissioners
court may allow, not to exceed two dollars for each
election precinct."

Article 3933, Vernon's Annotated Civil Statutes, reads in part
as follows:

"Sheriffs and Constables shall receive the following
fees:

". . . .

"Posting any other notices required by law and
not otherwise provided for . . . . . . .$1.00

". . . .

"For traveling in the service of any civil process,
Sheriffs and Constables shall receive seven and one-
half ($7\frac{1}{2}$) cents for each mile going and coming; if two
or more persons are mentioned in the writ, he  shall
charge for the distance actually and necessarily traveled
in the service of same.

". . . ."

Article 3087, Vernon's Annotated Civil Statutes, requires the
Governor to order an election in case a vacancy occurs in the represen-
tation of this State in the United States Senate, and Article 3088,
Vernon's Annotated Civil Statutes, provides in part, "Every law reg-
ulating or in any manner governing elections or the holding of primaries
in this State shall be held to apply to each election or nomination of
a candidate for a United States Senator so long as they are not in con-
flict with the Constitution of the United States or of any law or
statute enacted by the Congress of the United States regulating the
election of United States Senators or the provisions of this law."

In the case of Nelson v. State, 75 S. W. 502, it is stated "by posting as required by law is meant that the notices must actually be posted the requisite number of days before the election is held. The fact that the notices may have been subsequently torn or blown down would not affect the validity of the election. . ."

We quote from the case of Bigham v. State, 275 S. W. 149, as follows:

"A sheriff is entitled to such fees as the statutes authorize, and for that reason the fact that the fees allowed may seem large in some instances or small in other instances cannot enter into a decision concerning the statutes authorizing them. The Legislature has enacted the fee bill, and has fixed a maximum sum which a sheriff is entitled to receive as fees, requiring that the excess be paid into the county treasury.. The Legislature has also enacted laws regulating and limiting the fees of officers from time to time. The wisdom or unwisdom of these acts is not a matter for the court to determine." (This case was reversed on other grounds in 280 S. W. 1062.)

It will be noted that Article 2995, supra, specifically provides that the sheriff or any constable shall be paid the amount allowed by law for serving civil process for posting notices and for serving all other writs and notices prescribed by Title 50, Vernon's Annotated Civil Statutes.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the sheriff or any constable performing the above mentioned services are entitled to $1.00 for posting the election notices and seven and one-half cents ($7\frac{1}{2}$¢) per mile for each mile actually and necessarily traveled in performing this service, in fee counties. However, if the sheriff receives an ex officio salary as authorized by Article 3934, Vernon's Annotated Civil Statutes, which provides in part as follows:

"Sheriffs shall also receive the following compensation:

". . .

"2. For summoning jurors in district and county courts, serving all election notices, notices to overseers of roads and doing all other public business not otherwise provided for, not exceeding one thousand dollars per annum to be fixed by the commissioners court at the same time other ex officio salaries are fixed, and to be paid out of the general funds of the county; provided, that no such ex officio salary shall be allowed any sheriff who had received the maximum salary allowed by law."

The sheriff would not be entitled to receive the $1.00 fee for posting the election notices or the 7½ cents per mile necessary and actually traveled in posting said election notices. If the sheriff receives no ex officio compensation under Article 3934, supra, he would then be entitled to the compensation as above stated.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:LM:wc

Approved by s/Grover Sellers

Approved Opinion Committee By BWB Chairman