### KESLER v. McGUIRE et al.

### No. 1706.

Court of Civil Appeals of Texas. Eastland.
Oct. 22, 1937.

Rehearing Denied Nov. 19, 1937.

GRISSOM, Justice.

In 1930, George T. Kesler and wife, formerly Betty McGuire, were divorced by judgment of the district court of Ector county. Gordon B. McGuire and wife, the parents of Mrs. Kesler, intervened in the divorce suit asking custody of the Kesler children, a girl about three years of age, and a boy about one year old. Judgment was entered awarding the custody of the children to the McGuires. About five years after the date of this judgment, in 1935, Kesler filed an independent suit in the district court of Ector county asking for custody of the children, alleging a change in conditions since the entry of the judgment. The McGuires filed pleas of privilege to be sued in the county of their residence, which pleas were sustained, and the cause transferred to the district court of Dawson county. There the mother, now Mrs. I. W. Freedy, joined by her husband, intervened and asked that she be awarded custody of the children. At the close of the evidence the court instructed the jury to return a verdict in favor of the McGuires. Verdict was returned, as instructed, and a judgment in accordance therewith entered, from which judgment Kesler alone has appealed.

The appeal is submitted on what is designated by appellant as eight "points," which, in substance, are as follows: 1, 2, and 3, that the court erred in refusing to submit to the jury certain requested special issues; 4, 5, and 6, the court erred in giving the instructed verdict; 7, the court erred in refusing the admission of certain testimony; and 8, the court erred in overruling appellant's motion to dismiss the suit.

We think the court did not err with respect to its actions pointed out by points 1 to 3, inclusive. The determination of the custody of the children is a matter for the court, not the jury. Lawler v. Lawler (Tex.Civ.App.) 15 S.W.(2d) 684; Northcutt v. Northcutt (Tex.Civ.App.) 287 S.W. 515; Kentz v. Kentz (Tex.Civ.App.) 209 S.W. 200; Noble v. Noble (Tex.Civ. App.) 185 S.W. 318; Ex parte Ellerd, 71 Tex.Cr.R. 285, 158 S.W. 1145, Ann.Cas. 1916D, 361. Had all the issues been submitted to and answered by the jury, its answers would not have been controlling, but advisory only, and could have been completely disregarded by the court in entering judgment. Since it was a matter to be determined by the court it did not err in

J. A. Moore, of Odessa, and Thos. B. Ridgell, of Dallas, for appellant.

Louis B. Reed and J. E. Garland, both of Lamesa, G. H. Nelson, of Lubbock, and Truett Smith, of Tahoka, for interveners.

failing to submit the requested issues to the jury.

■■ For the same reason the court did not err in instructing the jury as it did, unless by again awarding the custody of the children to the McGuires the court abused its discretion, or the action was erroneous for reasons hereinafter discussed. In such cases a very broad discretion is vested in the court. Moore v. Moore (Tex. Civ.App.) 213 S.W. 949. Always the paramount question, regardless of the feelings of others, is what is best for the child.

■ The judgment of the district court of Ector county awarding custody of the children was a final judgment binding on the parties thereto. But, the former adjudication of custody may be reviewed in an independent action for that purpose "if a showing is made that since the rendition of the decree conditions have so altered that the welfare of the child requires a change of custody." 15 Tex.Jur. 675; McLeod v. McLeod (Tex.Civ.App.) 9 S.W. (2d) 141; Black v. Black (Tex.Civ.App.) 2 S.W.(2d) 331; Keith v. Keith (Tex.Civ. App.) 286 S.W. 534. The former judgment is given full effect until a change affecting the welfare of the children is shown. Ex parte Garcia (Tex.Civ.App.) 187 S.W. 410; Ex parte Boyd (Tex.Civ.App.) 157 S.W. 254; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928. The burden of proving a change in conditions affecting the welfare of the children was upon appellant. Grego v. Schneider (Tex.Civ.App.) 154 S.W. 361.

■ The evidence shows that Gordon B. McGuire was judge of the judicial district in which he lived, and a respected and outstanding citizen; there is ample evidence that during the period of more than five years in which these children have lived with their grandparents they have been treated kindly and with affection and given every proper advantage. Until about two years prior to the trial of this case the mother of the children lived most of the time in the home of her parents with her children, then she married Mr. Freedy. Until a few months prior to the trial she saw the children practically every day and carried them to school. The Freedys now live on a 320-acre farm in Dawson county. She sees the children frequently and they usually spend Saturday on the farm. The evidence discloses that Mrs. McGuire was in a hospital for about five months but that she is now strong again. The evidence, we think, is sufficient to authorize the conclusion that there was no change in conditions affecting the welfare of the children and making a change of custody advisable.

■ At the close of the testimony appellant presented his motion that the cause be dismissed. The motion was overruled. Article 2182, R.S., provides: "At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

The motion to dismiss being presented at the proper time, appellant was entitled as a matter of right to take a nonsuit as to his cause of action. The above statute is most liberally construed in favor of the right therein granted. We think it is evident that the action of the court in overruling the motion was injurious to the rights of appellant and erroneous. 15 Tex.Jur. 236 et seq; Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427; H. H. Watson Co. v. Cobb Grain Co. (Tex.Com.App.) 292 S.W. 174; Thomason v. Sherrill (Tex.Civ.App.) 4 S. W.(2d) 304; Id., 118 Tex. 44, 10 S.W.(2d) 687.

The judgment of the district court is reversed, and the cause remanded.