## PEARSON v. PEARSON.

No. 11605.

Court of Civil Appeals of Texas.
San Antonio.

May 15, 1946.

Rehearing Denied June 5, 1946.

Clarence R. Boatwright, Morriss & Morriss, and Leonard Brown, all of San Antonio, and Evans J. Adkins, of Brady, for appellant.

Schlesinger & Goodstein, of San Antonio, for appellee.

MURRAY, Justice.

On February 20, 1942, Dorothy L. Pearson was granted a divorce from John F. Pearson, by a judgment of the District Court of Bexar County, 37th Judicial District, Hon. Raymond Edwards presiding. Custody of their two minor children was awarded as follows:

"It is further ordered by the Court that the care, custody and control of their two minor children, Lee Franklin Pearson, aged 9 years and Harold Pearson, aged 4 years, shall be awarded to the plaintiff and the defendant, as follows, to-wit: that the defendant, John F. Pearson, shall have the care, custody and control of said children, during the months of March, April, May, June and August; that the plaintiff shall have the care, control and custody of said minor children during the months of September, October, November, December and January and until about the first of February during each and every year during their minority. Provided that at any time said children or either of them is in school, no change in their custodies shall take place until the close of that semester, so as not to interfere with their school work and when a semester closes at any time other than the first of the month, transfer of custody shall pass at that time and not on the 1st as above set forth."

On February 10, 1944, Mrs. Pearson was denied a modification of the original decree at a hearing before Hon. C. K. Quin, Judge of the 57th District Court. In her application for a modification of the original judgment Mrs. Pearson alleged as follows:

"Plaintiff further states that the defendant has no permanent place of abode, and roves and roams all over the country looking· for jobs, dragging the children with him when he has them in his custody. That defendant has had positions as· a country school teacher, and in off times does carpentry work. That this year he started teaching at Raymondville, where he taught two months, then when next heard from he was in Bexico, then in Harlingen, and now when heard from he was in Handford, State of Washington. That he lived in Gatesville part of 1942, in Waco part of the summer of 1942. In 1943, in the summer, he had the children in Eden, with their grandmother, and their father, Mr. Pearson, was in Brady. That in July, 1942, he took the children, Lee Franklin and Harold, to Colorado, where they lived in a cellar, and also stayed in a car on the side of the road.

"Plaintiff further states that he neglects to let her know where the children are, and sometimes for over a month she had no word from them. That when she has the children he comes in at all hours of the day or night, taking them out of their beds. That he takes the children out of school before mid-term, and before school ends. That he travels over the country with them, dragging them around.

"That Lee Franklin was· sick for two months after coming home from Colorado, and had a little temperature for almost four weeks. His head hurt him, and the Doctor said it was from taking him out of such a high altitude, and bringing him to a low altitude.

"That when he had the children in Eden with their grandmother, he only saw the children week ends. That now he wants me to send the children by train to Hand-

ford, Washington. The youngest child, Harold, is only six years of age, and the other, Lee Franklin, is 11 years old, and he says he does not want to go with his 'Dad.'

"Plaintiff further states that the defendant, John F. Pearson, has not complied with the orders of the Court, as set out in the judgment, that he has taken the children out of school, and not let them complete the school term, or semester, and that he has not sent the allotment allowed by the court for their support while with her, that he has paid no allowance for two months now, $20.00 per month; that the life the children lead, while with him, running wild, not going regularly to school, living in cellars, on the side of the road in a car, and in old run-down houses, where paper has to be put over cracks in the walls to keep out the wind and the cold, is bad for their health, morals, and education.

"That plaintiff has worried over the whereabouts of the children, not knowing where they were, for four weeks or more, one time, and several weeks other times, until she has nearly become ill; for the children need a mother's care who will look after them better than any man can do.

"Mrs. R. F. Pearson, mother of the defendant told defendant that he should leave the children with their mother, as children should have a home, and not be dragged around over the country all the time.

"That the divided care, custody and control over the said children is detrimental to their best interests and welfare."

On November 2, 1945, at another hearing in the 37th District Court, Hon. C. K. Quin presiding, the original judgment was modified by a decree of that date, wherein the custody of the two children was awarded as follows:

"It is, therefore ordered, adjudged and decreed that the judgment heretofore rendered in cause No. F-5037, in the District Court for the 37th Judicial District of Bexar County, Texas, and styled Dorothy L. Pearson vs. John F. Pearson, be, and the same is hereby modified to the extent that the Plaintiff, Dorothy L. Pearson, shall have and she is hereby granted the care, custody and control of the minor children, Lee Franklin Pearson and John F. (Harold) Pearson, Jr., for the entire scholastic year, that is, from the beginning of the school term until the termination thereof, and that the Defendant, John F. Pearson, shall have and he is hereby granted the care, custody and control of said minor children during the school vacation period, that is, from the termination of the school term until the resumption of same."

From that judgment John F. Pearson has prosecuted this appeal.

Appellant's first contention is that the trial court erred in failing to find as to whether or not there were changed conditions arising since the two prior judgments, which required a modification of the prior judgments awarding the custody of the two minor children of appellant and appellee.

The trial judge made fact findings and conclusions of law as follows:

### "Findings of Fact

"1. I find that the Plaintiff, Dorothy L. Pearson, was formerly the wife of the Defendant, John F. Pearson, having been divorced from him on or about the 20th day of February, A.D., 1942, in Bexar County, Texas.

"2. I find that there were two children born as issue of said marriage, namely, Lee Franklin Pearson, who is now about thirteen years of age, and John F. (Harold) Pearson, Jr., who is now about nine years of age.

"3. I find that under the terms of the Decree of Divorce, the following provision was made with reference to the custody of said children:

" 'And it is further Ordered by the Court, that the care, custody and control of their two children, Lee Franklin Pearson, age nine (9) years, and Harold Pearson, age four (4) years, shall be awarded to the Plaintiff and the Defendant, as follows: That the Defendant, John F. Pearson, shall have the care, custody and control of said children during the months of March, April, May, June and August; that the Plaintiff shall have the care, control and custody of said minor children during the months of September, October, November,

December, January and until about the 1st day of February during each year, and every year during their minority. Provided, that at any time, said children or either of them is in school that no change in the custodies shall take place until the close of that semester, so as not to interfere with their school work, and when a semester closes at any time other than the first of the month, the transfer of custody shall pass at that time and not on the first as above set forth.'

"4. I find that the Plaintiff has continuously resided in the same house in San Antonio, Bexar County, Texas, since the divorce was granted, and that the children of the parties have at all times attended the same school, which is located a short distance from their home, during the periods of time that the children have been in the custody of their mother.

"5. I find that this school, St. Michael's School, is a good school and the children make good progress in their studies and are happy and contented at said school.

"6. I find that the Plaintiff has been steadily employed at Kelly Field and earns approximately One Hundred and Fifty Dollars ($150.00) per month.

"7. I find that the Plaintiff is devoted and attentive to the children, prepares their meals, washes and irons their clothes, patches and darns, performs all her household duties, and is a fit and proper person to have the custody of said children.

"8. I find that the Defendant does not have steady or stable employment, in that he has held three or four different positions during the past two years, and has divided his time between engaging in construction work and teaching school, and his employment has shifted over a wide portion of the Western part of the United States, and that the children have been compelled to accompany him upon each change of residence.

"9. I find that on or about the month of February, 1944, the Defendant, by virtue of the decree of divorce hereinabove set out, took the children to Pasco, Washington, which is approximately 2000 miles from San Antonio.

"10. I find that at this period of time the Defendant was employed in construction work and his place of employment was approximately 35 miles from where he was living with the children.

"11. I find that the school in which he placed the children was not a fit and proper school in that the pupils were unruly and ill-disciplined, and the larger boys chewed tobacco in the class room and refused to obey the teacher, and that the smaller boys, including the two children involved herein, were hazed and roughly treated by the older boys.

"12. I find that the Defendant was unable to properly look after the welfare and comforts of the children in view of the fact that he was employed away from where they lived, and consequently, the children were not as well looked after as they were when they lived with the Plaintiff.

"13. I find that when the children were taken from the school in San Antonio where they had been attending, and placed in the school in Pasco, Washington, with new and different text books, and a new and different course of study, their education was retarded in that it took them about thirty days to catch up with the other students in the school, inasmuch as they entered school at the second semester.

"14. I find that on or about February, 1945, the Defendant again took the children and this time took them to Cotopaxi, Colorado, a town of approximately 300 inhabitants.

"15. I find that in Cotopaxi, Colorado, which is approximately 900 miles from San Antonio, the Defendant was employed as a teacher in the school there.

"16. I find that while at Cotopaxi, Colorado, the children lived with the Defendant in a building known as 'The Teacherage' and this building did not have electric lights or hot water, and the three of them lived in one room sharing the house with the housekeeper and her family of three children.

"17. I find that the living conditions there were not as good for the children as they were in the home with their mother.

"18. I find that after the school term had ended in 1945, the Defendant took the children with him to Denver, Colorado, where he was employed in construction work, and that during the time he was at work, the children were left to their own resources.

"19. I find that during the time the children were in Denver, the Plaintiff did not hear from them or from the Defendant for about three months, and she was compelled to telephone the mother of the Defendant to learn the whereabouts of the children, and discovered that the children were then in Eden, Texas, the home of Defendant's mother.

"20. I find that in taking the children from San Antonio with its temperate climate, to the cold climate of Pasco, Washington, and Cotopaxi, Colorado, there was a severe drop in temperature encountered by the children, and they were not properly equipped with clothing for such a cold climate.

"21. I find that when the children were returned to their mother in September of 1944 and 1945, the Defendant failed to provide the children with suitable underclothes and outer clothing for the climate in San Antonio, and the Plaintiff had to buy them shoes and clothing suitable for the climate in San Antonio.

"22. I find that the children have their playmates in San Antonio, who live in close proximity to them, and they are satisfied and contented with these playmates, and that when they are taken to Cotopaxi, Colorado, and Pasco, Washington, they have to find new playmates and companions, which is a hardship to the children.

"23. I find that the Defendant has no definite and fixed place of abode or employment, and that it is not for the best interests of the children to be taken from place to place as the Defendant is accustomed to doing.

"24. I find that the education of the children is retarded when they are compelled to leave their school in San Antonio, and be taken to another school at a distant State for the second semester of each scholastic year.

"25. I find that the best interests of the children would be served and their education would be more thorough if they were permitted to continue their education at St. Michael's School or some other school in San Antonio, without having their schooling disturbed at the second semester.

"26. I find that the older of the two children, namely, Lee Franklin Pearson, has expressed a preference to remain with his mother during the entire school semester, rather than be taken out of school in San Antonio and placed in various schools throughout the country, depending upon Defendant's place of employment.

"27. I find that the Defendant's employment has carried him to distant places making it impossible for the children to make contact with their mother and deprives them of the right of being with her and counselling with their mother.

"Conclusion of Law

"I conclude that it would be for the best interests and welfare of the minor children, that the Judgment in cause No. F-5037, styled Dorothy L. Pearson vs. John F. Pearson be modified to the extent that the Plaintiff, Dorothy L. Pearson, should have the care, custody and control of the minor children for the entire scholastic year, that is, from the beginning of the school term until the termination thereof, and that the Defendant, John F. Pearson, should have the care, custody and control of said minor children during the school vacation period, that is, from the termination of the school term until the resumption of the same."

Additional Findings of Fact.

"No. 1. On or about February ——, 1944, Plaintiff filed her petition in cause No. F-5037, styled Dorothy L. Pearson vs. John F. Pearson, to amend the order and judgment of February 20, 1942, wherein she alleged a change of conditions substantially the same as her allegations in her petition in the instant case, being cause No. F-27, 987, to which petition defendant herein filed answer, which cause was duly tried in the District Court of Bexar County, Texas, and which petition of the plaintiff was denied, and in such order of denial

the court held that there had been no change of condition subsequent to February 20, 1942, and prior to February ——, 1944. * * *

"No. 5. The defendant traveled over the western part of the United States and various parts of Texas with said children while he had them in custody between February 20, 1942, and Feb. ——, 1944, in like manner as he traveled with said children subsequent to February ——, 1944. * * *

"No. 7. John F. Pearson, the defendant, is a proper and fit person to have the care and custody of his minor children."

Thereafter appellant requested the trial judge to find that there have been no changes in conditions as to plaintiff and defendant, or living conditions of said minor children, either at home or in school since February 20, 1942, which request was refused.

■ The rule has ever been in this State that where a final judgment has been rendered fixing the custody of minor children as between their divorced parents, such judgment is res judicata as to the proper custody of such children and it can only be modified in a subsequent proceeding upon a showing of changed conditions occurring subsequent to the rendition of such judgment affecting the welfare and best interests of such minors and requiring that such custody be changed. In other words, a judgment fixing the custody of minor children is a final judgment and can only be modified upon a showing of changed conditions. 27 C.J.S., Divorce, p. 1188, § 317; Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77; Kesler v. McGuire, Tex.Civ. App., 109 S.W.2d 1115.

■ In the case at bar the trial judge undertook to modify the judgment of 1942 as to the custody of the children. This action could be based only on changed conditions arising since February, 1944, because on that date the custody of these children had again been adjudicated. The trial judge did not find any changed conditions and when the matter was called to his attention in a specially requested finding he persisted in not so finding. Apparently the trial judge was of the opinion that he had to determine but one issue, that of the best interests of the minor children. It is true that in modifying a custody judgment the trial court should be governed by what will be to the best interest and welfare of the minor children, but it is equally true that such modification must be based upon changed conditions. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928; Greenlaw v. Dilworth, Tex.Com.App., 299 S.W. 875; Keith v. Keith, Tex.Civ.App., 286 S.W. 534; Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564; Kesler v. McGuire, Tex.Civ.App., 109 S.W.2d 1115; Futch v. Futch, Tex.Civ. App., 299 S.W. 289.

■ Frequent hearings as to the custody of minor children of divorced parents should be frowned upon by courts and are not to be encouraged. A judgment as to such custody is res judicata as to the best interests of the children and such judgment should not be modified except upon a showing of changed conditions since the judgment, requiring, in the best interests of such children, that the custody be changed. The burden of proof is upon the party seeking such change to allege, offer proof and secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication as to require a change of custody.

The trial judge refused to expressly find that there were no changed conditions, but he did find, in effect, that the same issues had theretofore been litigated.

Rule 299, T.R.C.P., provides:

"Omitted Findings. Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal."

194

We cannot here presume a finding of changed conditions, for two reasons, first, a finding on this issue was requested, and, second, no element on this ground of recovery was found by the trial court. Rule 299, T.R.C.P.; State v. Balli, Tex. Civ.App., 173 S.W.2d 522; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; 8 Tex.Law Review, pp. 545 to 553.

Furthermore, we are of the opinion that when the trial judge refused to make a finding as to changed conditions, and at the same time affirmatively found that the hearing in 1944 was upon the same allegations as to defendant's traveling over the western part of the United States and various parts of Texas with said children while they were in his possession, was equivalent to a finding that there were no changed conditions.

The findings of the trial court do not support the judgment rendered and therefore a reversal is required.

It seems that the trial court tried this case upon the theory that the only issue to be determined by him was the best interests and welfare of the minor children, whether based upon changed conditions or not. We will, therefore, not here render judgment but will reverse the judgment and remand the cause for a new trial.