## LEONARD v. LEONARD.

No. 11915.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 23, 1949.

Phillips, Horton & Williamson, of Corpus Christi, for appellant.

House & House and Ellis P. House, all of Dallas, for appellee.

MURRAY, Justice.

This is an appeal from a decree of the 117th District Court of Nueces County, Texas, modifying a former decree of that court changing the principal custody of Linda Sue Leonard, a girl seven years of age, from that of her father to that of her mother.

On November 7, 1947, Malvanee Leonard was granted a divorce from her husband, Otto A. Leonard, and the principal custody of their daughter, Linda Sue, was awarded to the husband, Otto A. Leonard. The decree provided for the child to be first with its mother and then with its father, and back and forth several times, but further provided, after September 5, 1948, that Otto Leonard was to have the exclusive control and possession of said child during the school year, and the mother to have the exclusive care and possession during the summer vacation months, and for this arrangement to continue from year to year until further orders of the court. In this decree the court found as follows: "The court further finds that both plaintiff and defendant are each fully qualified, capable and proper persons to have the care, custody and supervision of said minor child and each has a good and sufficient home in which to rear said child." There are other provisions of the decree which are not necessary here to be mentioned. It appears from the record that some five days were consumed in hearing this divorce case, at the end of which time the decree as entered herein was agreed upon by the parties and entered by the court as agreed upon, and that as a result of this agreement certain paragraphs of the pleadings were expunged from the record and a number of depositions destroyed. No appeal was taken from this judgment and it became final. This divorce case was styled, Malvanee Leonard v. Otto A. Leonard, and was cause No. 30586-A. It was originally filed in the 28th District Court of Nueces County, but was heard before the Honorable Cullen W. Briggs, Judge of the 117th District Court of Nueces County.

On February 25, 1948, the present suit was instituted in the 117th District Court of Nueces County and styled Malvanee Leonard v. Otto A. Leonard, No. 37727-B. The purpose of this suit was to change the principal custody of Linda Sue Leonard from the father, as awarded in the original divorce suit, to that of the mother. The

trial was had before the same judge who had tried the divorce case, without a jury, and judgment rendered awarding the principal custody of Linda Sue Leonard to her mother during the school months and to the father during the Christmas holidays and certain other holidays and during the months of July and August of each year.

The trial court made findings of fact and conclusions of law as follows:

"Findings of Fact.

"1. The Court finds that the judgment in Cause Number 30586-A, being the same judgment that Malvanee Leonard seeks to modify in this cause insofar as it affects the best interest of Linda Sue, as same frequently transfers Linda Sue from plaintiff to defendant and from defendant to plaintiff; and in so doing, requires her to travel some seven hundred ninety to nine hundred fifty miles (depending on the mode of transportation used) each time she was so transferred; which was not to the best interest of Linda Sue; in fact, was against her best interest.

"2. The Court further finds that the judgment in Cause Number 30586-A, places Linda Sue in two custodies; and subjecting her, as under said judgment, to the customs and habits of two families was and is against the best interest of said child.

"3. The Court further finds that the father of Linda Sue Leonard, the minor, is required to work away from home throughout the day; and that the minor child, Linda Sue, while her father would be so working, would be left by him with only her paternal grandmother; which grandmother, the Court finds from the evidence, is between sixty-nine and seventy-two years old.

"4. The Court further finds that Linda Sue, the minor, has spent all of her life with her mother, and has never lived or had a home away from her except for short periods of time under the judgment in Cause Number 30586-A (original judgment by the plaintiff herein sought to be modified); and that Linda Sue and her mother are very much attached to each other, as are Linda Sue and her maternal grandmother, Mrs. Ruby Reston (a widow about forty-five years old, with whom Mrs. Leonard and Linda Sue live).

"5. The Court finds that the plaintiff, Malvanee Leonard, and Mrs. Ruby Reston, Mrs. Leonard's mother and Linda Sue's maternal grandmother, live in the same house, and only a block or two from the home of the minor's maternal greatgrandmother, Mrs. Jane Carter; and that both are good homes, surrounded by good society, near good schools, with good churches convenient thereto, and with plenty of playgrounds for Linda Sue.

"6. The Court further finds that upon trial of this cause and a hearing of the defendant's amended motion for new trial, the defendant, Otto A. Leonard, fully approved the judgment of the Court in Cause Number 30586-A, and contended that same should stand as written; and thereby agreed that Malvanee Leonard, Linda Sue's mother, was a suitable and proper person to have the care and custody of Linda Sue; and further that Linda Sue's mother had a good, sufficient and proper home with proper surroundings in which Linda Sue could live.

"7. The Court further finds that the defendant, Otto A. Leonard, claims that the plaintiff, Malvanee Leonard, perjured herself upon the trial of the above entitled and numbered cause. However, the Court finds that most of this contention is based only upon the contradictory testimony offered by the parties, and further finds that no false testimony (if any) was given by the plaintiff on any material point in this case.

"8. The Court further finds that Linda Sue, a girl, the minor in question, has never lived separate and apart from her mother except for a few days at a time under the judgment in Cause Number 30586-A.

"9. The Court further finds that Linda Sue would be much better off in the company and care, supervision and custody, of her mother, who, the Court finds, can now be with Linda Sue in the home all the time; as the facts show that Linda Sue's mother has plenty of work in the home where Linda Sue lives, and can be constantly with Linda Sue, both day and

night and thereby give Linda Sue the benefit and advantage of living, not only with her mother and having her attention and care, but also in the same house with Mrs. Ruby Reston, her maternal grandmother, whom the record shows to be only forty-five years old; and within about one or two blocks of Linda Sue's maternal great-grandmother, Mrs. Jane Carter, who also has a good home and playgrounds for Linda Sue.

"10. The Court further finds that the Juvenile Report introduced in evidence in this cause, being the report of the Juvenile Department of Corpus Christi, reads in part as to Linda Sue's home life as follows: 'Under the present plan presented by the united efforts of Mrs. Carter, Mrs. Reston and Mrs. Leonard,' (for explanation, we add: meaning: Mrs. Malvanee Leonard, the mother, about twenty-six years old; Mrs. Ruby Reston, the maternal grandmother, about forty-five years old, and Mrs. Jane Carter, the maternal great-grandmother, about sixty-five years old.) 'Linda Sue is receiving proper supervision and care.'

"11. The Court further finds that since the entry of the judgment in Cause Number 30586-A, material changes have taken place, materially affecting the best interest of Linda Sue, the minor child, and making it to the best interest of Linda Sue that the Court modify, alter and change; in fact, enter a new judgment as prayed for in Cause 37727-B; and that to change the custody of Linda Sue as has been done in the judgment in Cause Number 37727-B is to the best interest of Linda Sue.

"12. The Court further finds that the original judgment in Cause Number 30586-A, especially when the Court considers the effect it had and is having on Linda Sue's best interest; and after said judgment had been in force for some time; is, as written against the best interest of Linda Sue; as the evidence and pleadings show the creation of a new condition in keeping with which a new judgment as prayed for in Cause 37727-B should be entered, to save her the long trips by automobile, airplane, railroad or bus, and the necessity of living under the habits and customs of two families.

"13. The Court further finds that, for some reason, each time Linda Sue has remained in Corpus Christi under the original judgment for as long as a month, she has returned to her mother at Dallas broken out with sores, as shown by the testimony of the Juvenile Report.

"14. The Court further finds that the mother, Malvanee Leonard, now has sufficient work of a permanent nature, and employment in the home where she and Linda Sue's grandmother live, to there earn sufficient money to support and provide for Linda Sue in reasonable comfort; and, in addition, to be with Linda Sue all the time; which privilege and possibility the mother, Malvanee Leonard, did not have at the time of the original judgment, being forced at that time to work away from home throughout the day. Thus, conditions have so changed as to make it possible for the mother to be constantly with Linda Sue; and to take her to school and receive or go for her when the school day is over.

"15. I find, after carefully considering the testimony in this case and the pleadings and the original judgment in Cause Number 30586-A, in fact, all of the testimony of both sides on the trial of said cause, Number 37727-B, and the motion for new trial; that Malvanee Leonard, plaintiff, Linda Sue's mother, is fully competent, capable and willing to assume the responsibility of total supervision of Linda Sue: and can and will give her, being her mother and situated as she now is, the best of care and supervision. And that it is to Linda Sue's best interest that the judgment in Cause Number 30586-A be so changed, modified or rewritten as it was in Cause Number 37727-B. And that by so doing, as is set out in said judgment in Cause Number 37727-B, the best interest of Linda Sue will be protected and served.

"Conclusions of Law.

"The Court concludes as a matter of law, in view of the whole record and the above findings, that the best interest of Linda Sue Leonard, the minor child of Malvanee Leonard, plaintiff, and Otto A. Leonard, defendant, can best be served by so modifying the judgment in Cause Number 30586-

A as has been done in Cause Number 37727-B, giving to Malvanee Leonard, plaintiff, the exclusive custody, supervision and control of Linda Sue, with the privilege of Otto A. Leonard, defendant, her father, to see Linda Sue at seasonable and reasonable times."

The court also made amended and additional findings of fact, as follows:

"1. The defendant's request to strike Finding of Fact No. 1 of the Original Findings of Fact filed in this cause on the 20th day of August, 1948, is hereby granted and said original Findings of Facts are hereby amended to exclude, strike from, and expunge from the Findings of Fact, said Finding of Fact No. 1.

"2. The Court further finds that the plaintiff, Malvanee Leonard, formerly the wife of Otto A. Leonard, and the defendant Otto A. Leonard, were divorced on the 7th day of November, 1947, and that one child was born as issue of said marriage, to-wit, Linda Sue Leonard, age 7 years.

"3. I further find that the plaintiff, Malvanee Leonard, lived in the same house with her mother, Mrs. Ruby Reston, at the time judgment was entered in Cause #37727-B in the District Court of Nueces County, Texas, as she did when the judgment was entered in Cause #30586-A in the District Court of Nueces County, Texas.

"4. I further find that the defendant, Otto A. Leonard, lived in the same house with his mother at the time of the entry of the judgment in Cause #37727-B in the District Court of Nueces County, Texas, as he did when the judgment was entered in Cause #30586-A in the District Court of Nueces County, Texas.

"5. I further find that Otto A. Leonard is also a proper and fit person to have the care and custody of his minor daughter, Linda Sue Leonard.

"6. I further find that the traveling of Linda Sue Leonard to and from Dallas to Corpus Christi, Texas, was not injurious to her."

■ It is well settled law in this State that where the custody of a minor is fixed by the provisions of a divorce decree that such decree is res adjudicata as of that date as to the fitness of the parents to have the care and custody of their minor children and as to the proper custody of the child as is required in the best interest of such child. Pearson v. Pearson, Tex.Civ. App., 195 S.W.2d 188.

■ It is also the law in this State that such a judgment may be set aside and modified or changed where changed conditions of a material nature arise subsequent to the rendition of the divorce decree, requiring that in the best interest of the minor such custody be changed. However, such changed custody must be based upon changed conditions of a material nature arising subsequent to the divorce case and unless such changed conditions are shown the provisions of the divorce decree are final and res adjudicata and cannot be changed. Grego v. Schneider, Tex.Civ.App., 154 S.W. 361; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Pearson v. Pearson, supra.

From an examination of the findings of fact made by the trial judge it is plain that no changed conditions with reference to the parents here involved is shown other than that at one time the mother was required to work away from home during the day and only had the privilege of being with her daughter in the evenings, while she now has employment which permits her to stay at home during the day and be with her daughter at all times. No attempt was made to show that the father was no longer a fit person to have the custody of his daughter, or that his home and surroundings were any different from what they were at the time the divorce was granted. It is apparent that all the facts found by the trial judge were existing at the time or prior to the entering of the divorce judgment, or such facts and conditions will exist under the new judgment, except the one condition relating to the employment of the mother. The father lives in the same home with the same people and with the same surroundings as when the divorce was granted, and the same thing is true with relation to the mother.

 The original decree found that the mother had a good and sufficient home in which to rear the child at the time the divorce decree was granted, and the proof with reference to the present employment of the mother only tends to establish the same thing, that is, that the mother now has a good and sufficient home in which to rear her child. This does not establish such a changed condition of a material nature arising since the rendition of the divorce decree as will justify the setting aside or modification of that decree. It will be borne in mind that the present litigation was instituted only one hundred and ten days after the rendition of the divorce decree. Such frequent hearings as to the custody of children should be discouraged and not encouraged. Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188. Material change of conditions which will require a modification of a decree as to the custody of a child is ordinarily such as (1) Marriage of one of the parties. (2) Poisoning of the mind of the child by one of the parties. (3) One of the parties becoming an improper person for the custody. (4) Change in the home surroundings. (5) One of the parties becoming mean to the child, or some other similar material change of conditions. McLeod v. McLeod, Tex.Civ.App., 9 S.W.2d 141; Ritch v. Ritch, Tex.Civ.App. San Antonio, 195 S.W.2d 205; Cox v. Ueblacker, Tex.Civ. App., 197 S.W.2d 146; Watts v. Rutledge, Tex.Civ.App., 211 S.W.2d 995; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491.

It was never intended that a solemn judgment such as the one entered in the divorce proceedings agreed to by all the parties and not appealed from should be so soon set aside upon such slight change of conditions as are found in this case.

We are of the opinion that the trial judge abused his discretion in setting aside and modifying the provisions of the original decree and changing the principal custody of Linda Sue from that of her father to that of her mother upon the slight showing of changed conditions which are here reflected.

The judgment of the trial court will be reversed and judgment here rendered that appellee take nothing by reason of this suit.

Reversed and rendered.