ROBERTS v. TIPPETT et al.

No. 4780.

Court of Civil Appeals of Texas. El Paso.

Jan. 17, 1951.

Rehearing Denied March 1, 1951.

Samuel K. Wasaff, El Paso, for appellant.

David J. Smith, El Paso, for appellees.

McGILL, Justice.

This is a case involving the custody of two minor children of appellant and appellee, who were formerly husband and wife. Appellant as plaintiff filed the suit in the 34th Judicial District Court of El Paso County against appellee as defendant. He alleged that on August 13, 1946, in case No. 6385 in the District Court of Lea County, New Mexico, that court in a divorce proceeding filed by him against the defendant, appellee here, awarded him a divorce from defendant and custody of the minor children, Helen Jeannette Roberts, born October 7, 1940, and Ella Mae Roberts, born October 15, 1943; that the judgment of the New Mexico court had never been modified or changed; that in March 1949 he had delivered custody of the minors to the defendant temporarily with the understanding that they were to be returned to him upon demand; that the children were not being properly cared for by defendant, their education and studies being neglected; that he had a good home with adequate accomodations to care for the minors; that demand had been made of the defendant for the custody of the children and she had refused to give up their custody. He prayed for citation and that custody of the minors be awarded him in conformity with the New Mexico decree. Defendant answered by general denial and special plea that the New Mexico divorce was procured by fraud because a New Mexico statute required that the plaintiff in an action for divorce must.

have been an actual resident in good faith of that state for one year next preceding the filing of his complaint and that appellant, plaintiff in that suit, had resided with appellee in the city of El Paso, El Paso County, Texas, until August 28, 1945, and could not have been a resident in good faith of Lea County, New Mexico, for a period of one year prior to the filing of the divorce suit, and such decree was invalid in the State of New Mexico and should not be recognized by the courts of Texas. She further alleged that on August 13, 1946, and at the time the New Mexico suit was instituted she was not a resident of the State of New Mexico but was a resident of the state of Texas and resided in the city of El Paso, Texas, which fact was well known to plaintiff; that no citation, summons or other notice was ever served upon her as defendant in that suit and she never saw any newspaper containing a publication of a notice of the filing thereof, and had no actual notice or knowledge of the pendency of such suit and did not appear at the trial thereof. She further alleged that on February 26, 1947, in cause No. 58,857 in the 41st Judicial District Court of El Paso County, Texas, she obtained a divorce from defendant (appellant herein) and was awarded exclusive custody of the minors and defendant was ordered to pay her sixty dollars per month for their support; that such judgment had never been set aside or vacated; that defendant (appellant herein) was not a fit and proper person to have the custody of said children because prior to the time he surreptitiously took them from the home of appellee and removed them from El Paso, he was having adulterous relations with Mary Patricia Drake, or Jolly, who was then the wife of Lon W. Jolly, and who left El Paso with defendant and the children and with whom he claimed to have contracted a marriage and had continued to live in adultery with her at least until after he procured the New Mexico decree; that a home of that kind was not a fitting and proper environment for the children; also that defendant appellant was addicted to intoxicating liquor and was mean and abusive and used vile language in the presence of the children when under the influence

thereof, by reason of which he was not a suitable person to have custody of the children; that she lived with her mother, who made a business of taking care of children and had a good home to take care of them. She prayed that plaintiff's request for custody be denied and that custody be awarded her in accordance with the judgment in cause No. 58,857 in the 41st District Court. By her cross-action she alleged that plaintiff had taken $1600.00 cash of the community funds and an automobile which was worth $700.00 and was community property when he took the children and abandoned her, and she prayed for judgment against plaintiff for her share of such community property in the amount of $1150.00. By supplemental petition plaintiff denied that he surreptitiously took the children from defendant and alleged that she voluntarily turned over their custody to him on August 28, 1945, and that they were in his custody from that date until February 1949. He denied that he obtained the New Mexico decree by fraud, and alleged that his home had been in Hobbs, New Mexico, prior to 1945 and that the New Mexico decree was valid and subsisting and entitled to full faith and credit by the 34th District Court of El Paso County; that the 41st Judicial District Court of El Paso County had no jurisdiction of the children because they were not in the State of Texas when that court rendered its decree of February 26, 1947. He denied that he was not a fit person to have custody of the children and alleged that appellee was not a fit person to have their custody because she had lived in adulterous relations with one William J. Tippit up to the time of her purported marriage with him between February, 1949 and the filing of this suit; that the home in which the children were kept by her mother was an institution where other children were kept and the children had no privacy there. He prayed for an award of exclusive custody of the minors.

Trial to the court without a jury resulted in a judgment awarding the custody of the children to defendant (appellee) with right of visitation by plaintiff (appellant) at all reasonable times. This last provision was subsequently clarified by an order giving

temporary custody to plaintiff every second and fourth Friday of every month, beginning Friday, August 11th, 1950, from five o'clock P.M. until four o'clock P.M. of each following Sunday. Appellant has duly perfected his appeal to this court.

In response to plaintiff's request the trial court filed Findings of Fact and Conclusions of Law which we here reproduce:

### Findings of Fact.

"(1) Plaintiff, Arlie E. Roberts, on or about June 18, 1935, while residing in Hobbs, Lea County, New Mexico, enlisted in the United States Army and was sent to Fort Bliss, Texas.

"(2) While serving in the United States Army and serving at Fort Bliss, Texas, on January 6, 1940, he married defendant, Melba Roberts Tippett, in Las Cruces, Dona Ana County, New Mexico.

"(3) After their marriage, Plaintiff and Defendant returned to El Paso, Texas, and made their home there, living together as husband and wife until about November 1, 1943, when Plaintiff was sent overseas.

"(4) During such period, they had born to them, two children, both girls, the oldest Helen Jeanette Roberts, was born on October 7, 1941, and the youngest, Ella Mae Roberts, was born on October 15, 1943.

"(5) Defendant, Melba Roberts Tippett, and the children remained in El Paso, Texas, while Plaintiff was overseas.

"(6) Plaintiff returned from overseas sometime during the month of December, 1944, and resumed marital relations with defendant, and was living with her at 2700 Gold Street, in El Paso at the time of his discharge from the Army on June 17, 1945.

"(7) After Plaintiff was discharged from the Army, he drove his car for a Travel Bureal and continued to reside with Defendant at 2700 Gold Street in El Paso, during such times as he was not on the road.

"(8) On or about August 30, 1945, Plaintiff told Defendant to get her clothes and the clothes of the children ready and they would go to California the next day. That evening, he loaded the clothing into the car and while defendant was getting supper, he took the children on the pretense of going to the Park with them, picked up Mary Patricia Jolly, his present wife, and her son, and left El Paso, Texas.

"(9) On June 11, 1946, he filed suit for a divorce in the District Court of Lea County, New Mexico. Same being Case Number 6355, on the docket of that court. The service in that case was by publication and defendant was never served with citation and had no actual knowledge of said suit. The record in that case shows that a copy of Plaintiff's petition was mailed to Defendant, General Delivery, San Antonio, Texas. The divorce and custody of the children was granted him on August 13, 1946.

"(10) Section 25–704 of the New Mexico Statutes of 1941 provides: 'The Plaintiff in an action for the dissolution of the bonds of matrimony must have been an actual resident in good faith of the State for one (1) year next preceding the filing of his petition.'

"(11) The Defendant, Melba Roberts Tippits, filed, on March 19, 1946, suit for a divorce and custody of the children in the Forty-First District Court of El Paso County, Texas. It is case Number 58,857, on the docket of that Court. The Service was by publication and she obtained a judgment granting her a divorce and custody of the children and an allowance of $60.00 per month for their support on February 26, 1947; that at the time said divorce suit was filed and when the judgment therein was entered, the children involved herein were not in El Paso County, Texas.

"(12) That plaintiff and the said Mary Patricia Jolly were married on August 23, 1947, in Lawton, Stephens County, Oklahoma, and the children involved in this suit were in their home and in their custody thereafter until they were returned to El Paso by the Plaintiffs in March, 1949.

"(13) Plaintiff returned to El Paso in March, 1949, and turned the children over to defendant and has been paying the sum of $60.00 per month for their support every since.

"(14) That if there ever was any community property acquired during the marriage

of Plaintiff and Defendant, none of same was in existence at the time of this suit.

"(15) That the best interest of said children required that they be placed in the custody of their mother, the defendant herein; that Plaintiffs, Arlie E. Roberts and his wife Mary Patricia Roberts are not unfit persons to have the custody and control of said minor children, and the home now occupied by the Plaintiffs is a suitable one for said children.

"(16) That the Defendant, Melba Roberts Tippits, and her husband, William Jackson Tippits, likewise, are not unfit persons to have the custody and control of said children, and the Court finds, as a fact, that the said children are now being well and properly cared for by the defendants herein, and that it is to the best interest of said children that their general custody and control be placed in their mother, Melba Roberts Tippits, subject, however, to the right of Plaintiff Arlie E. Roberts to have the temporary custody and control of said children, the same to be given him at 5:00 o'clock P.M., on the second and Fourth Fridays of each month, and he to return the children to the custody of their mother, the Defendant herein, at 4:00 o'clock P.M., on Sunday after such Second and fourth Fridays.

"(17) That the sum of $60.00 per month, is reasonably necessary for the support of said children, and should be paid by the Plaintiff herein.

"Conclusions of Law.

"(1) That the divorce secured by Plaintiff in Lea County, New Mexico, was a valid divorce.

"(2) That the general custody of the children be awarded to the Defendant, Melba Roberts Tippits, subject to the right of Plaintiff, Arlie E. Roberts, to the partial custody on the second and fourth week ends, as indicated hereinabove, in Paragraph 16 in the Findings of Fact.

"(3) That Plaintiff should pay the sum of $60.00 per month into the office of the District Clerk of El Paso County, for the support of said children, until they reach the age of sixteen (16) years, or as further directed by the Court.

"(4) That neither Plaintiff or Defendant remove the said children from El Paso County, Texas, without the consent of the Court.

"(5) That Plaintiff pay all costs.

"Entered as of July 29, 1950.

"(Sgd) Roy D. Jackson, Roy D. Jackson, Judge of the Thirty-Fourth Judicial District of Texas."

Appellant's points present the proposition that the Court having found that the divorce obtained by appellant in New Mexico and the award of custody to him by that decree was valid, and there being no evidence of changed circumstances and conditions since the New Mexico decree, that decree awarding custody to him is res adjudicata as to such custody and the court having found that appellant and his present wife are not unfit persons to have the custody and control of the children, the court was in error in changing the custody awarded by the New Mexico decree, but should have given full faith and credit to such decree under the full faith and credit clause of the Constitution of the United States, Art. 4, Sec. 1, and should have awarded the custody of the children to appellant Arlie E. Roberts.

The case presents difficult and troublesome questions. The law is well settled that the New Mexico decree, if valid, as concluded by the Court, is res adjudicata and entitled to full faith and credit only as to matters happening prior thereto, and that a change of custody may be sought and adjudicated in an independent suit either in the court awarding the custody or in any other court of competent jurisdiction *upon a change of conditions since the date of the decree.* Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Miller v. Schneider, Tex. Civ.App., 170 S.W.2d 301, loc. cit. 302 (1, 2).

In Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188, 193, Wr. ref. n. r. e., in which,

the mother sought to modify a prior award of custody to the father, it is said:

"Apparently the trial judge was of the opinion that he had to determine but one issue, that of the best interests of the minor children. It is true that in modifying a custody judgment the trial court should be governed by what will be to the best interest and welfare of the minor children, but it is equally true that such modification must be based upon changed conditions. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928; Greenlaw v. Dilworth, Tex.Com.App., 299 S.W. 875; Keith v. Keith, Tex.Civ.App., 286 S.W. 534; Oldham v. O'dham, Tex.Civ.App., 135 S.W.2d 564; Kesler v. McGuire, Tex.Civ.App., 109 S.W.2d 1115; Futch v. Futch, Tex.Civ. App., 299 S.W. 289.'

"Frequent hearings as to the custody of minor children of divorced parents should be frowned upon by courts and are not to be encouraged. A judgment as to such custody is res judicata as to the best interests of the children and such judgment should not be modified except upon a showing of changed conditions since the judgment, requiring, in the best interests of such children, that the custody be changed. *The burden of proof is upon the party seeking such change to allege, offer proof and secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication as to require a change of custody.*" (Emphasis ours.)

As intimated in Goldsmith v. Salkey, supra, 112 S.W.2d loc.cit. 168, (1, 4), the question presented is a question of jurisdiction. See also Castleberry v. Castleberry, Tex. Civ.App., 120 S.W.2d 468, loc.cit. 470, (5–7). In order to invoke the jurisdiction of the court in an independent suit to change or modify a prior award of custody it is incumbent upon the party seeking such relief to allege, prove and secure an affirmative finding from the trier of facts that conditions have so changed since the prior adjudication as to require a change of custody. (Portion of opinion in Pearson v. Pearson, supra, above emphasized.) We think appellee failed to allege such changed conditions. However, we regard such failure as of little importance. See Wilson v. Underhill, Tex.Civ.App., 131 S.W.2d 19, loc.cit. 22 (1–3), Rev. other gr. Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601. It is obvious that appellee did not secure an affirmative finding of changed conditions by the trial court. Under Rule 299, R.C.P., no such finding can be implied from the finding that the best interest of the children required that they be placed in the custody of their mother. Pearson v. Pearson, supra, 195 S.W.2d loc.cit. 194(5). In order to warrant a change or modification of custody, the true test seems to be that the proof must show that the "situation and character of the respective parties have so changed as to render it to the (best) interest of the infant" that the former order be set aside or modified. Wilson v. Elliott, 96 Tex. 472, 75 S.W. 368; Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77; Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564, wr. ref.

As alleged by appellee the evidence shows and the court found (FF8) that the surreptitious taking of the children by appellant occurred or or about August 30, 1945, almost a year before the decree of August 13, 1946. We think it may fairly be inferred that the court's finding that appellant and his present wife are not unfit persons to have custody of the children negatives any implied finding that appellant and his present wife were living in adultery up to the time of the New Mexico decree, but if not, then under appellee's allegations this condition existed when the New Mexico decree was rendered and is no evidence of changed condition in this respect since then. The same may be said as to the allegation that appellant is addicted to the use of intoxicating liquor and when under its influence is mean and abusive, using vile language in the presence of the children. By appellee's own testimony she had no knowledge of the whereabouts of appellant and the children from August 1945 until February or March, 1949. The inference is inescapable from all the evidence that if appellant was addicted to the use of intoxicating liquor and abusive he was so at the time of the New Mexico decree. There is evidence that since the date of the New Mexico decree appellant had married his

present wife and that she had beaten the younger of the little girls when they lived with appellant in Oklahoma, also that appellant's present wife has a child of her own. If it may be said that these facts, when coupled with the further fact that appellant had voluntarily surrendered custody of the children to appellee, would warrant a finding of changed conditions such as to authorize or require a change of custody, as intimated in Miller v. Schneider, Tex. Civ.App., 170 S.W.2d 301, a sufficient answer is that the court made no such finding.

Because the findings of the trial court do not support the judgment rendered it is ordered that such judgment be and it is reversed and the cause remanded for another trial.

Reversed and remanded.