Eddie DOHERTY, Appellant,

v.

Helen Doherty DEAN, Appellee.

No. 10803.

Court of Civil Appeals of Texas.

Austin.

July 6, 1960.

Rehearing Denied July 27, 1960.

John J. Toomey, Houston, John C. Marburger, LaGrange, for appellant.

C. C. Jopling, LaGrange, for appellee.

GRAY, Justice.

This is a child custody case and it involves the same parties who were before

this Court on a former appeal. Doherty v. Doherty, 279 S.W.2d 690.

The minor is Steve Daryl Doherty, appellant Eddie Doherty is the father and appellee Helen Doherty Dean is the mother. Appellant is a resident of the State of Montana and appellee resides in Fayette County, Texas.

In our opinion in Doherty v. Doherty, supra we related the history of events up to the time of the judgment there appealed from. We reversed the trial court's judgment and rendered judgment awarding custody of the minor in accordance with the judgment of the district court of the 8th Judicial District of Montana which was an agreed judgment and is set out in that opinion. The opinion was introduced in evidence by appellant. This judgment divided the custody of said minor between appellant and appellee and it was observed until on or about August 29, 1959 when appellee refused to deliver custody to appellant as provided in that judgment. Thereafter appellant filed his petition in the district court of Fayette County praying that appellee be held in and punished for contempt and that she be ordered to deliver custody of said minor to appellant. A judgment nisi was entered. Appellee appeared, answered and asserted that she was entitled to retain custody of the minor for the reason that he had expressed his preference as he was authorized to do by the Montana decree which provided:

"That when the said Steve Daryl Doherty reaches the age that he can express an intelligent preference with regard to his custody, he shall have the right to express said preference and that the parties hereto shall abide by that preference, and that the parties hereto refrain from attempting to influence said child in the election of his preference and will refrain from making derogatory remarks about the other party to said child, but will teach said child to have love, affection respect and obedience toward the other party."

This custody proceeding followed the above occurrences. A jury trial was had and one special issue was submitted to the jury. We quote this issue together with the jury's answer thereto:

"Do you find from a preponderance of the evidence that Steve Daryl Doherty, a minor, has reached the age that he can express an intelligent preference with regards to his care, custody and control?

"Answer 'Yes' or 'No.'

"Answer Yes."

The verdict of the jury was received and the trial court rendered judgment setting the judgment nisi aside and further:

"The court further finds that, in accordance with the judgment of the Eighth Judicial District Court of the State of Montana and in and for the County of Cascade, and of this court, that the said parties are bound by the recitals of said judgment reading as follows:

"'That when the said Steve Daryl Doherty reaches the age that he can express an intelligent preference with regard to his custody, he shall have the right to express said preference and that the parties hereto shall abide by that preference.'

"The Court further finds that the said Steve Daryl Doherty has expressed his preference with regard to his care, custody and control and that said preference is, that his mother, Respondent herein, Helen R. Doherty Dean do have his permanent care, custody and control and the Court being of the opinion that the said Steve Daryl Doherty has reached the age where he can express an intelligent preference with regard to his care, custody and control, the Court is further of the opinion that the said preference of the said Steve Daryl Doherty should be honored by the Court and is further of the opinion that it would be

for the best interest of the said Steve Daryl Doherty for his mother, Respondent herein, Helen R. Doherty Dean, have his permanent care, custody and control.

"Therefore, it is ordered, adjudged and decreed by the court that the said Helen R. Doherty Dean do have and she is hereby granted permanent care, custody and control of the said Steve Daryl Doherty and the aforesaid judgment of the Eighth Judicial District Court of the State of Montana in and for the County of Cascade and the judgment of this court be and the same is hereby modified in accordance with this judgment.

"It is further ordered that the said Eddie Doherty shall have the right to visit said Steve Daryl Doherty and have him visit him at reasonable times. * * *"

Appellant here presents ten points. We will not set them out but will only say that all except the third, fourth and fifth make complaints as to the evidence. The third, fourth and fifth points complain of the special issue supra. We will give consideration to all points.

The minor was born January 30, 1948 and the judgment here appealed from was entered January 18, "1959."[1] Appellant remarried in 1953 and lives with his wife in Montana. Since her divorce from appellant appellee has twice remarried and is now living with her last husband.

The custody of the minor has been involved in at least four trials and, including this one, there have been two appeals. The custody of the minor has been divided between appellant and appellee which, as is evidenced by the trials supra, has proved to be an unsatisfactory arrangement. There is nothing in the record to suggest that the minor, except by his expressed preference of custody, has by his conduct or otherwise

contributed to the existing conditions. This being true then the parties are entirely responsible for the situation in which they now find themselves. The suit from which the prior appeal resulted was caused by appellee's refusal to deliver custody in keeping with the terms of the Montana judgment which was based on her own agreement.

In August 1959 when appellant came to receive custody of the minor under the then existing judgment appellee refused to let him see the minor as is disclosed by her own testimony. Appellant testified that appellee told him that it was going to cost him "plenty of money to get Steve."

Appellee does not say that appellant is not a fit and proper person to have the custody of the minor but she relies on the minor's preference of her as his custodian.

Our quotation supra from the trial court's judgment shows the judgment is founded on the expressed preference of the minor and also on a finding that the best interest of the minor will be served by awarding his permanent custody to appellee.

■ In this case like all others of a like kind the question is: What is for the best interest of the minor? In answering this question the expressed wishes of the minor are to be considered provided that he is of sufficient maturity to judge for himself. Dunn v. Jackson, Tex.Com.App., 231 S.W. 351, 353. There the court said:

"The wishes of a child whose custody is in controversy may, if it be of a sufficiently mature age to judge for itself, be consulted and weighed with other testimony in determining the issue; but its choice is not necessarily a controlling factor."

■ If there is evidence in the record to support the trial court's finding as to the best interest of the minor then we are without authority to overrule the finding. Mar-

[1.] The judgment recites that the trial began November 30, 1959 and the Statement of Facts recites that the cause came on for trial on November 30, 1959. We will treat the judgment as entered January 18, 1960.

tin v. Pittman, Tex.Civ.App., 321 S.W.2d 627. However the finding must be based on evidence showing a change of conditions arising subsequent to the prior judgment awarding custody. In Amend v. Amend, 268 S.W.2d 206, 210, this court said:

"If the original decree is to be modified or changed it is necessary that the evidence show that since that decree conditions have so changed as to require a new decree depriving appellant of the custody of the minors. Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Pearson v. Pearson, Tex.Civ. App., 195 S.W.2d 188; Roberts v. Tippett, Tex.Civ.App., 239 S.W.2d 859. That is to say the evidence must show that since the original decree conditions have so changed that it can reasonably be said that it would be injurious to the welfare of the minors to leave their custody as originally adjudicated. Neal v. Medcalf, Tex.Civ. App., 244 S.W.2d 666."

Supra we have set out the history of the litigation concerning the custody of the minor and the fact that he has selected appellee as his choice to have his custody. It appears to us, and we so hold, that these facts are sufficient to show a change of conditions. We also realize that appellee is reaping a personal satisfaction from her own failure and refusal to comply with the terms of a valid and subsisting judgment. However we are concerned with the best interest of the minor and not with the conduct of the parent unless such conduct interferes with said best interest.

Dr. David Wade, a physician who had specialized in psychiatry and neurology, and Dr. Austin E. Grigg, a psychologist, both testified by deposition. Dr. Wade expressed his opinion that the minor is mentally competent to express an intelligent preference as to the parent he desires to live with. Dr. Grigg expressed his opinion that the minor's I. Q. is considerably above normal. The minor testified that he preferred to remain with his mother and that he had made that choice. In addition to this testimony there was also before the jury the testimony of two school teachers and of appellant and appellee. There is evidence to support the jury's answer to the one issue submitted and which answer the trial court approved and adopted.

Appellant objected to the submission of special issue one because the jury "has no guide, rule or definition to follow as to what is meant by the term 'intelligent preference.'" He requested that the jury be instructed:

"You are charged that by the term 'intelligent preference' as used in Special Issue Number One it is meant that Steve Daryl Doherty at this time has sufficient age, experience and mentality to determine, for at least the remainder of his minority, where he will receive the best home environment, guidance, financial advantages, and educational training that will be for his best interest."

The term "intelligent preference" is composed of words of ordinary meaning and which are generally understood. The term was not used in a technical or limited sense and any attempt to define it would probably have tended to limit the jury's application of the evidence rather than to leave them free to interpret and apply the term to the evidence in accordance with their own concept of the weight to be given to the evidence. 24–A Tex.Jur. p. 629, Sec. 70.

Appellant's fourth point is to the effect that the Montana judgment which approved the agreement of the parties permitting a transfer of custody by the intelligent preference of the minor is null and void because it constitutes a transfer of custody by contract. The point is overruled. In this State a child's choice of parents is only a fact or circumstance to be considered and weighed with the other evidence in determining the issue of custody. Dunn v. Jackson, supra.

Appellant's fifth point is to the effect that the minor's intelligent preference is not the sole factor to be considered in awarding his custody. We agree. However the trial court's judgment as above quoted contains the additional finding as to the best interest of the minor.

Points seven, eight and nine complain that the trial court erred in receiving in evidence the opinions of Dr. Wade and Dr. Grigg as to the mentality of the minor and the written report of Dr. Grigg to Dr. Wade of his findings.

■ It appears that Dr. Grigg examined the minor at the request of Dr. Wade and that he made a report of his findings to Dr. Wade. This report it appears is the center of appellant's complaints. Both men were qualified to express their respective opinion as to the mentality of the minor. Dr. Grigg said his I. Q. was above normal. He made a written report to Dr. Wade as to his findings and Dr. Wade testified as to his opinion and the question arises was the report of Dr. Grigg a part of Dr. Wade's opinion. In McCormick & Ray, Texas Law of Evidence, 2nd Ed., Vol. 2, Sec. 1404, it is said that:

"It is well known that medical men base their opinion on many sources of information in addition to their objective findings. These include their medical studies, experience in other cases, medical books, reports of doctors and nurses and statements of the patient. It is not feasible to determine the part each plays in the formation of the professional opinion. But since these sources are accepted by the doctor as the basis for judgment upon which he would act in practicing his profession it would seem that they should be regarded by the courts as sufficient to justify the admission of his professional opinion."

These opinions merely went to the jury for such consideration and weight as the jury saw fit to accord them.

■ The written report of Dr. Grigg to Dr. Wade was received in evidence over appellant's objection that it was hearsay and no part of a deposition. It appears there was considerable controversy before the trial court as to the admissibility of this report. Dr. Grigg was asked to attach the report to his answers given in answer to questions propounded in his deposition. This was not done and during the trial the report of Dr. Grigg was identified and received in evidence separate from any deposition. In this state of the record the report was hearsay and should not have been admitted in evidence before the jury. However it is our opinion that the error is not reversible. The minor's mental status was testified to by Dr. Wade, Dr. Grigg and two schoolteachers. The minor himself testified and the jury had the opportunity to observe him and to hear his answers to questions propounded on direct and on cross examination. Under this condition of the record a reversal of this cause because of this error is prohibited by Rule 434, Texas Rules of Civil Procedure.

■ Miss Catherine December, a school teacher with ten years teaching experience and who had taught the minor for approximately three months prior to the trial, after relating her experiences with the minor was asked and answered:

"Q. Now based upon your experience as a schoolteacher, Miss December, state whether or not in your opinion and your observance of this child under your control, please state whether or not he has sufficient intelligence to express an opinion as to which parent he would like to live with under the circumstances which have been related to you? A. I believe Steven to have the intelligence to express a preference."

In his brief appellant says that Miss December "was not qualified to give such an opinion nor did she lay any predicate upon which her opinion is based."

Miss December testified to the minor's good conduct, that he was a good student and that he always prepared his lessons well. On cross examination she said she was "Possibly not" qualified to express an "opinion in this matter." In McCormick & Ray, Texas Law of Evidence, 2d Ed. Vol. 2, Sec. 1396, p. 224, it is said that:

"If it has been shown that the witness had an opportunity to observe and did observe, and if his testimony in opinion-form is of such value as to be admissible, the facts upon which his opinion is based are matters affecting its weight but seemingly should have nothing to do with admissibility. The grounds of his opinion may be tested by the adverse party on cross examination."

■ By his first, second and sixth points appellant says the evidence does not show changed conditions warranting a change of the minor's custody; that judgment for appellant *non obstante veredicto* should have been rendered, and that evidence of events occurring prior to the previous trial was erroneously admitted.

In Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790, the court said:

"The first judgment at the time it was entered was res adjudicata of the question of the child's best interest and of the custody. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A. L.R. 1293; Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368; Wade v. Shaughnessy, supra. So it cannot now be questioned that at that time it was to the best interest of the child to award custody to the grandparents. In determining the question of the child's best interests, there is this difference between the first award of custody and a change of custody. Because

a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child."

In the case before us the minor has reached an age that he can express an intelligent preference of his custody and has made his choice of custody. We have noted supra the history of the litigation concerning custody and that prior judgments have been proved to be unsatisfactory. At the time of the trial the minor was approaching his twelfth birthday—he has now passed it. He is aware that the question of his custody has been a matter of constant wrangling between his parents both of whom he said he loved. These were all matters before the trial court and he concluded that the best interest of the minor required that his permanent custody be awarded in accordance with his expressed choice. We cannot say that these facts are not sufficient to convince the trial court "that the change is to be a positive improvement for the child." We are without authority to substitute our judgment for that of the trial court. Taylor v. Meek, supra.

We have examined appellant's ten points and because it is our opinion that the same do not present reversible error they are overruled.

■ We here modify the trial court's judgment by striking therefrom the following:

"however, the said Steve Daryl Doherty shall not be taken out of the State of Texas without the written consent of the Court."

As reformed the judgment is affirmed.

Reformed and affirmed.