**Gilda Joan McFARLAND et vir, Appellants,**

v.

**Ben Leon BOYD, Appellee.**

**No. 7858.**

Court of Civil Appeals of Texas.

Amarillo.

June 24, 1968.

Rehearing Denied July 29, 1968.

Miller, Sanders, Baker & Miller, Amarillo, for appellants; Oth Miller, Amarillo, of counsel.

No appearance for appellee.

NORTHCUTT, Justice.

Appellant, Gilda Joan McFarland, and appellee, Ben Leon Boyd, were formerly husband and wife, having been divorced on the 15th day of April, 1963, in the 11th Judicial District Court of San Juan County, New Mexico in Cause No. 11,198. By the terms of the divorce decree entered by the New Mexico court this appellant was granted a divorce from this appellee. The judgment provided "that plaintiff is hereby granted the sole custdoy of Mitchell Leon Boyd and Gilda Kay Boyd, minor children of these parties, with reasonable rights of visitation to defendant as will not interfere with plaintiff's custody and control of said minor children."

After the divorce was granted appellee herein, Ben Leon Boyd, moved to El Paso, Texas, and then to the State of Nebraska and the appellant herein moved to Amarillo, Texas. Appellee pleaded this suit in the District Court of Randall County, Texas, under his original petition entitled "Plaintiff's Motion for Specified and Defined Visitation" and prayed that he be awarded a consecutive 60-day visitation period dur-

ing the school months plus a week's visitation every other year at Christmas. Appellee filed his first amended petition changing his prayer and then filed his second amended petition upon which this case was tried and prayed that he be given specific, definite visitation in the amount of 60 days during the summer months and one week during the Christmas holidays. The case was tried to the court without a jury and the court entered the following order:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, Ben Leon Boyd, shall have specific visitation wherein he shall have the right to pick up his minor children, to-wit: MITCHELL LEON BOYD and GILDA KAY BOYD, at their residence on the *1st* day of *July*, at *10* o'clock *a. m.* and shall have the right to keep said children until the *15th* day of *July* at *10* o'clock *a. m.* at which time said children shall be returned to their normal residence. Said specific visitation shall commence with the year 1968 and shall continue each year thereafter until each child reaches the age of eighteen years. The Plaintiff, BEN LEON BOYD, shall have the further right of reasonable visitation at the residence of said minor children at reasonable times during reasonable hours."

From that order the appellant perfected this appeal.

The appellee's real contention is based upon what he denominates as the best interest of the children and pleads as follows:

"The conditions that have materially changed since the original decree that effects the best interests of the children are herein set forth.

(1) That since the entry of the divorce decree, the Defendant has moved from Farmington, New Mexico, to Amarillo, Randall County, Texas. That the Plaintiff was moved by his employer from Farmington, New Mexico, to El Paso, Texas, and subsequently to Omaha, Nebraska.

(2) That the Defendant has remarried and that her name has been changed from Gilda Joan Boyd to Gilda Joan McFarland. That Plaintiff has resided in excess of 400 miles from Amarillo at all times since the Defendant has moved to Amarillo. That with the exception of a four-day visit in 1965, the Plaintiff has been denied at all times complained of herein any visitation whatsoever with the minor children, with the exception of contact by telephone and visitation within the home in the presence of the Defendant, but has been denied all forms of visitation outside the presence of the Defendant even though the Plaintiff has notified Defendant of intended visitation far in advance at times wherein it would not conflict with the health, education or welfare of the minor children.

(3) Plaintiff herein would show unto the Court that because of the material changes and in the best interests of the minor children herein, Plaintiff requests that the Court specify visitation for a period of 60 days during the summer months and one week vacation during the Christmas holidays, commencing in December of 1967."

The four reasons designated by appellee for a change for the best interest of the children are that appellant moved from Farmington, New Mexico to Amarillo, Texas and appellee to El Paso and finally to Nebraska; that appellant had remarried; that appellee resided in excess of 400 miles from Amarillo at all times since appellant moved to Amarillo; and that appellee had been denied, with the exception of a four-day visit in 1965, at all times any visitation with the children. It was no fault of the appellant that appellee moved from Farmington, New Mexico to El Paso and when appellant moved to Amarillo she was closer to El Paso than when she was in Farmington, New Mexico and appellee has moved still further away from the children.

It is true appellant has remarried but there is no evidence in this record to indicate that that marriage has any bad effect on the children or upon appellee's visitation privileges, but there is evidence of affection from the stepfather. As to appellee being denied at all times any visitation with the children is contrary to the record in this case as the appellee, until he remarried, visited with the children on numerous occasions.

Mitchell Leon Boyd, the boy here involved, was 12 years of age at the time of this trial and Gilda Kay Boyd, the daughter, was 10 years of age. Appellee had remarried before this trial. The lady he married had two children by a former marriage, a boy 14 years of age and a girl 12 years of age. These ages should be greatly considered.

In the case of Leithold v. Plass, 413 S.W.2d 698, the Supreme Court held as follows:

"[1, 2] It is clear to us that the judgment of the trial cort modified the Arizona decree with respect only to the visitation rights of petitioner and that custody of the child as awarded by the Arizona court was unaffected. There being evidence of a change of conditions sufficient to support such order, we reverse the judgment of the court of civil appeals and affirm that of the trial court.

[3] Custody of a child connotes the right to establish the child's domicile and includes the elements of immediate and direct care and control of the child, together with provision for its needs. * * These rights inherent in a custody status are not held by one enjoying visitation rights as provided in the custody decree."

We have carefully considered the opinion in the Leithold case and have concluded that it is not in point here. We are of the opinion, and so hold, the only change as to the conditions now and when the divorce was granted is the distance appellee lives from the children. We do not believe that fact is a change of conditions sufficient to support the modification of visitation rights. In the Leithold case the court held there was evidence of a change of conditions sufficient to support the modification of visitation rights. We do not know what the facts were in that case. Although Paynter v. Janca, Tex.Civ.App., 331 S.W.2d 814 was a change of custody case, it was the contention of the father, because his visitation privileges would necessarily be hampered on the account of the children being moved to Virginia, and that he was entitled to custody, the appellate court held that that was not sufficient to change the custody order and the divorce decree. Bouvier's Law Dictionary defines custody as "the detainer of a person by virtue of a lawful authority. The care and possession of a thing." The order in this case provided that appellee had the right to pick up his minor children and have the right to keep them for two weeks. We cannot construe that order other than split custody. Under that order appellee had full custody and control of the children for that two weeks. The order of the New Mexico judgment provided the visitation privilege should not interfere with the appellant's custody and control. If control is changed from one parent to the other as here ordered, soon no one will have control of the children.

In Leaverton v. Leaverton, Tex.Civ.App., 417 S.W.2d 82 (n. r. e.) in making distinction between that case and the Leithold case stated:

Just as it is practically impossible to draw an exact line marking the change from one color to another in a rainbow, so it is practically impossible to draw an exact line marking the change from visitation to a modification of custody in cases involving children. Yet the time comes when the difference is apparent and must be recognized. In the instant case appellee suggested in his pleading and with his evidence sought a judgment giving him 'visitation' rights

with his child in Texas in charge of her father for two months of each year—one-sixth of the whole time—hundreds of miles from her custodial home in the State of Alabama. Though he did not succeed in obtaining all that he asked for he did obtain a decree giving him charge of the child in Texas for four weeks of each year—one-thirteenth of the whole time. In the *Leithold* case the father was granted only a two weeks' visitation period.

In the *Leithold* case the court said, 'Custody of a child connotes the right to establish the child's domicile and *includes the elements of immediate and direct care and control of the child, together with provision for its needs.* * * * These rights inherent in a custody status are not held by one enjoying visitation rights as provided in the custody decree.' (Emphasis ours.) Applying the above principles we are still of the opinion that the case before us involves an attempted modification of custody, notwithstanding appellee's desire to label it merely 'clarification of visitation rights.' "

See also Glasgow v. Hurley, Tex.Civ.App., 333 S.W.2d 658 where it is stated:

"We are unable to agree with appellee that his pleadings and the judgment here appealed from involve only a mere change in visitation privileges and not a change in custody. We shall not attempt to point out the exact dividing line distinguishing a change in visitation from a change in custody. But we have no doubt that this case involves a change in custody and not a mere change in visitation privileges regardless of the terminology used in appellee's pleadings and in the judgment. In his pleadings appellee asked that instead of having the boys in his care and custody only part of one day each month and two weeks each summer, the order be changed so that he could have the boys in his care and custody each week from 7:00 o'clock

p. m. on Friday until 9:00 o'clock p. m. on Sunday, and that he have them for a week every year at Christmas time and for two months every summer. Though appellee did not obtain all that he pled for, the judgment did grant him a substantial modification of the last custody order. Call it by what name you will the substance and effect of appellee's pleading and of the judgment is to modify custody."

The children testified that they did not want to go with their father to Nebraska. The wishes of the minor are to be considered as to his best interest provided he is of sufficient maturity to judge for himself. Doherty v. Dean, Tex.Civ.App., 337 S.W.2d 153; Dunn v. Jackson, (Tex.Comm. of App.) 231 S.W. 351.

In Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426 it is stated:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at east twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each

of the parents have been condemned by numerous decisions. 19 C.J. p. 344, sec. 797, and authorities cited in Note 27; Swift v. Swift, Tex.Civ.App., 37 S.W. 2d 241."

The Martin case has been cited and followed so many times in this state that we think it is an established rule to follow. There is no evidence in this case of a change of conditions to support the order entered herein. The judgment of the trial court will be reversed and judgment here rendered that appellee's application be denied.

DENTON, Chief Justice.

I respectfully dissent. I am unable to distinguish the case at bar from the *Leithold* case. Although I am inclined to agree with the views expressed in the dissenting opinion in the *Leithold* case, I believe this court is compelled to follow the majority opinion. The facts and pleadings of the two cases are strikingly similar, and the effect of the trial court's orders are practically identical. I would affirm the judgment of the trial court.

CHAPMAN, Justice.

I find it difficult to consider a period of two weeks as a visitation rather than change in custody. Such period would place the children under different discipline and would not in my opinion be to their best interest. However, I am unable to distinguish the instant case from the pronouncements in the *Leithold* case. Accordingly, I join the dissent.

DENTON, Chief Justice.

It now appears that two members of this court are of the opinion that the judgment of the trial court should be affirmed. Therefore, the original opinion which was presumed to be the majority opinion at the time it was written must now become a dissenting opinion. Therefore, the judgment of the trial court is affirmed.